## CRAGER *v.* REIS *et al.*

·(*Common Pleas of New York City and County, General Term.*  January 5, 1891.)

RELEASE—DELIVERY—PRESUMPTION.

> The subscribing witness to a release under seal testified that he saw it executed on the day of its date, and also that he saw it delivered, but there was no proof of the actual time of delivery.  *Held*, that the presumption that it was delivered on the day of its date was not affected by the fact that the acknowledgment annexed to it was taken on a subsequent day, it not appearing that the person executing the release was then in possession thereof.

Appeal from seventh district court.

Action by Lewis Crager against Robert Reis and Morris A. Tynberg.  Defendant Reis appeals from a judgment for plaintiff.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Sampter & Bloomfield*, for appellant.  *Hays & Greenbaum*, for respondent.

BISCHOFF, J.   This was an action brought by the plaintiff against Robert Reis and M. A. Tynberg to recover the balance due for goods sold and delivered by the firm of M. Schlessinger & Co. to the defendants, comprising the firm of M. A. Tynberg & Co., the plaintiff claiming under an alleged assignment from M. Schlessinger & Co.   The complaint alleged the copartnership ·of the defendants and the copartnership of Max Schlessinger and Emilie Lux; that Schlessinger & Co. sold and delivered to Tynberg & Co. merchandise of ·$221.09, of which $132.64 had been paid, leaving a balance of $88.45, with interest.   The complaint further alleged that prior to the commencement ·of this action Schlessinger & Co. had assigned the claim for the balance due to the plaintiff.   The defendant Reis, by his answer, did not controvert the allegations of copartnership, and he was therefore precluded upon the trial from offering any testimony in contradiction of the allegations in the complaint that the defendants were copartners under the firm name of M. A. Tynberg & Co., and that Max Schlessinger and Emilie Lux were copartners under ·the firm name of M. Schlessinger & Co.   The defendant Reis denied all other allegations of the complaint, and as a particular defense asserted that prior to ·the commencement of this action Schlessinger & Co., for valuable consideration, had forever released and discharged him from all liability upon the claim in suit.   Upon the trial one Sigismund Tynberg, a son of the defendant Tynberg, was called as a witness for the plaintiff, and testified that he was the ·manager of the business of M. A. Tynberg & Co.; that he kept their books; ·that they had purchased merchandise from Schlessinger & Co. to the amount ·of $221.09, of which only the sum of $132.64 had been paid; and that there was due from said Tynberg & Co. to Schlessinger & Co., for the balance of the claim, the sum of $88.45, with the accrued interest thereon.   No attempt ·was made on behalf of defendants to controvert this testimony, and the claim in suit was therefore sufficiently established.   The plaintiff also produced in ·evidence an alleged assignment of the claim, dated April 13, 1889, signed "M. Schlessinger & Co.," which he attempted to prove by the testimony of Sigismund Tynberg, who testified that he saw the assignment executed by Emilie

Lux, and delivered to the plaintiff on the day of its date. The defendant Reis, on the other hand, offered in evidence a paper under the hand and seal of Schlessinger & Co., dated September 12, 1888, executed in the name of Schlessinger & Co., by Max Schlessinger, and purporting to release and discharge the defendant Reis from all claim which said Schlessinger & Co. had against him individually or as a member of the firm of M. A. Tynberg & Co. The execution of this release was proved by one Silberstein, the subscribing witness, who testified that he saw it executed by Max Schlessinger on the day of its date. He also testified that he saw it delivered, and whether or not delivery took place on the day it bears date or upon a subsequent day does not appear. We have therefore to consider in this case only the effect of the alleged assignment under which the plaintiff claims, and the instrument under which the defendant claims to be released.

It is elementary that in the absence of proof to the contrary, a deed in the possession of the grantee must be presumed to have been delivered on the day of its date. Best, Ev. § 402; Abb. Tr. Ev. p. 508. Applying this presumption to the facts of the case before us, and there being no proof of the actual time of its delivery, we are constrained to hold that the instrument discharging the defendant Reis from all liability to Schlessinger & Co., growing out of their claim against Tynberg & Co., was delivered on September 12, 1888, and therefore prior to the alleged assignment to the plaintiff, which is dated April 13, 1889. And thus the plaintiff, under the alleged assignment to him, could not thereby have acquired any cause of action growing out of the indebtedness of Tynberg & Co. to Schlessinger as against the defendant Reis. If the plaintiff meant to contend that the release of Reis was actually delivered upon a day subsequent to its date, and subsequent to the assignment to him, it was incumbent upon him to introduce evidence to that effect, and in this he has utterly failed. The fact that the acknowledgment to the release was taken on a day subsequent to its date, and subsequent to the alleged assignment to the plaintiff, to-wit, May 29, 1889, is not sufficient to destroy the presumption of delivery on the day of the date of the instrument, since it does not appear from such acknowledgment that on the day of the date thereof Schlessinger was in possession of the instrument; and without some evidence that Schlessinger continued to be in possession of the instrument subsequent to the day of its date we cannot find that it was delivered upon a day other than such day. The judgment should be reversed, with costs to abide the event, and a new trial ordered.