H. G. WALKER, APPELLANT, v. C. C. JOHNSON, APPELLEE.

1. The refusal of a temporary injunction against trespass will not be disturbed where the complainant purchased with record notice of defendant's title, the defendant being in actual open possession and there being proof that complainant at the time of his possession had actual knowledge of defendant's lease.

2. The mere fact that the patent from the United States to a homesteader did not actually issue until a few weeks after a lease by him does not invalidate the lease, it not appearing when his "final entry" was made.

This case was decided by Division A.

Appeal from the Circuit Court for Washington County.

The facts in the case are stated in the opinion of the Court.

*John M. Calhoun,* for Appellant;

No appearance for Appellee.

COCKRELL, J.: This is an appeal from an order denying a restraining order.

The appellant, as complainant, filed his bill alleging ownership and actual possession of certain land in Washington county and prayed that the appellee Johnson be enjoined from trespassing thereon. The hearing was upon bill and sundry affidavits offered in behalf of the respective parties.

Two theories are advanced here upon which error is predicated. The appellant's rights are rested upon a deed to the land from one Killingsworth executed November 4, 1905, while the appellee relied on a turpentine lease from Killingsworth dated July 12, 1904, and recorded July 14, 1904. It is urged that the appellant is not bound by the lease because his grantor did not tell him about it when he got his deed. There is nothing in the contention. There was not only the constructive notice under the recording statutes, but there was further the active open possession in the lease and proof that the appellant had actual knowledge of this possession.

The second contention is that the land was Killingsworth's homestead under the laws of the United States and that the patent therefor did not issue until August 26, 1904, six weeks after the date of the lease, and that the lease was absolutely void as against public policy. The contention is unsound.

Ordinarily the full beneficial interest and ownership vests in the homesteader upon receipt for final entry, and nothing remains of a perfect title but the mere routine act of signing the patent, which owing to congestion or other conditions in Washington usually re-

quires many months and sometimes years. There is no showing before us when the final proof for entry was made before and accepted by the officers of the United States Land Department, but certainly the court was justified in assuming that at least six weeks had elapsed rather than in assuming the contrary in this application for a temporary restraining order. There is no fact upon which to base the idea of a collusion to defraud the federal government, nor other equity to prevent the relation back of the patent to the time the entryman acquired the full equitable title, and he as well as his heirs or assigns are bound by the full warranty in the lease which, if necessary, should be treated as fed by the subsequently aquired evidence of legal title.

The order is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J. concur;

TAYLOR. HOCKER and PARKHILL, JJ., concur in the opinion.