Mathis *et al.* v. State—Syllabus.

JOHN MATHIS, A. C. HARRISON AND J. C. MCDONALD, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed March 27, 1914.

CRIMINAL LAW—APPELLATE PRACTICE—JUDGMENT AND SENTENCE IN FELONY—DISMISSAL OF WRIT OF ERROR.

1. In criminal as well as in civil causes there must be a final judgment to support a writ of error from an appellate court.

2. Where the only semblance of a final judgment and sentence in the record of a criminal case brought to the appellate court by writ of error where three defendants were jointly indicted for and convicted of a felony, is as follows: "Notice by defendants counsel of a motion for a new trial was given. On October 23rd, 1913, motion argued and sentenced to two years in States prison on each:" Held, to be wholly insufficient as a final judgment to support a writ of error. Held further that a correct formula of the entry of judgment and sentence in the case should have been substantially as follows:

"Now on this day came in person the defendants J. M. and A. C. H. and J. C. McD. with their counsel into open court, and each of them being separately asked by the court whether he or they had anything to say why sentence of the law should not now be pronounced upon him, say nothing. It is therefore the judgment, order and sentence of the court that you J. M. and A. C. H. and J. C. McD. and each of you, for

the crime of which you have been and stand convicted, be imprisoned in the State penitentiary of the State of Florida for a period of two years from the date of your delivery to the officers thereof."

Writ of Error to Criminal Court of Record for Hillsborough County; Lee J. Gibson, Judge.

Writ of Error dismissed.

*Dozier* & *DeVane*, for Plaintiffs in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

TAYLOR, J.—In this cause brought here for review by writ of error, the Court finds from the court minutes in the transcript of record the following: "The said jury retired and later returned their verdict as follows: 'We the jury find the defendants, John Mathis, A. C. Harrison and J. C. McDonald, guilty as charged in the information, so say we all. J. B. Myers, Foreman.'"

"Notice by defendants' counsel of a motion for a new trial was given. On October 23rd, 1913, motion argued and sentenced to two years in State's prison on each."

This is the only semblance of a final judgment and sentence in the record brought here for review. We have no hesitancy in saying that it is wholly insufficient as a final judgment to support a writ of error. A correct formula of judgment and sentence in this case would be substantially as follows: "Now on this day came in person the defendants, John Mathis, A. C. Harrison and J. C. McDonald with their counsel into open court, and each of them being separately asked by the court whether he or they had anything to say why sentence of the law

should not now be pronounced upon him, say nothing. It is therefore the judgment, order and sentence of the court that you, John Mathis, A. C. Harrison and J. C. McDonald and each of you, for the crime of which you have been and stand convicted, be imprisoned in the State Penitentiary of the State of Florida for a period of two years from the date of your delivery to the officers thereof." The court below can now at any regular term thereof impose upon the defendants a proper sentence on the verdict already found as above suggested.

The writ of error in the cause is hereby dismissed for want of a final judgment, at the cost of the plaintiff in error.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHIT-FIELD, J. J., concur.