BETTS NAVAL STORES COMPANY, A CORPORATION, *et al.,* Appellants, *v.* J. K. WHITTON, *Appellee.*

Opinion filed March 3, 1916.

1. A mortgage given upon Government land which had been entered as a homestead and for which the entryman had made final proof and received a final certificate, but before there was an issuance of the patent, is valid, notwithstanding section 2296 of the Revised Statutes of the United States,

which provides that no government lands acquired as home-
steads shall, in any event, become liable to the satisfaction of
any debt or contract prior to the issuance of the patent there-
for; the purpose of said statute being the protection of the
entryman, and to prevent the involuntary appropriation of
the land to the satisfaction of debts incurred prior to the
issuance of the patent.

2.  Where a separate appeal from a final decree has been en-
tered by one of the defendants, but no brief has been filed
on the part of such appellant the decree appealed from may
be affirmed as to such appellant.

Appeal from Circuit Court, Calhoun County; D. J.
Jones, Judge.

Decree affirmed.

*J. M. Calhoun* and *Milton Pledger,* for Appellants;

*Paul Carter* and *B. L. Solomon,* for Appellee.

SHACKLEFORD, J.—J. K. Whitton filed his bill in
chancery against Willie E. Warren and Laura Warren,
his wife, for the enforcement of a mortgage lien.  Serv-
ice by publication was obtained upon the defendants and
a decree *pro confesso* was entered against Willie E. War-
ren for failure to appear, plead, answer or demur to the
bill of complaint, as required by law.  Laura Warren
filed her answer to the bill and by order of court, the
Betts Naval Stores Company, a corporation, was permit-
ted to intervene and file a cross-bill against the complain-
ant and the two defendants in the original suit.  The
complainant filed his answer to such cross-bill, to which
the cross-complainant filed exceptions, one of which was
sustained and the others overruled, whereupon the cross-

complainant filed its replication to such answer. The cause was referred to a special master to take and report the testimony therein. On the 15th day of February, 1915, the cause came on for a final hearing upon the pleadings and the testimony taken before the special master, and a final decree was rendered in favor of the complainant and against the defendants and the mortgaged premises ordered sold by the special master. It was further ordered, adjudged and decreed that as between the cross-complainant and the original complainant the equities were with the original complainant and his mortgage was held to be prior and superior to the mortgage of the cross-complainant. From such final decree the cross-complainant has entered its appeal to this court and has assigned several errors, all of which we have considered, and are of the opinion that the only assignment which merits treatment is the 5th, which is as follows:

"5: The Court erred in allowing to the complainant J. K. Whitton those items charged by the complainant J. K. Whitton to the defendant W. E. Warren before the date of the issuing of the patent to the land in question from the U. S. Government."

The cross-complainant relies upon Section 2296 of the United States Revised Statutes, which is as follows: "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The evidence adduced clearly establishes that commutation final certificate had issued to Willie E. Warren upon his homestead entry for the lands described in the mortgage executed by Warren and his wife to Whitton, and that such mortgage was executed subsequent to the

date of such final certificate but prior to the issuing of the Government patent to the homestead lands.

We have never had occasion to pass directly upon this point, though there is a strong intimation of our views in Walker v. Johnson, 53 Fla. 1076, text 1077, 43 South. Rep. 771, wherein we said: "Ordinarily the full beneficial interest and ownership vests in the homesteader upon receipt for final entry, and nothing remains of a perfect title but the mere routine act of signing the patent, which owing to congestion or other conditions in Washington usually requires many months and sometimes years."

In Smart v. Kennedy, 123, Ala. 627, 26 South. Rep. 198, it was held as follows: "A mortgage given upon Government land which had been entered as a homestead and for which the entryman had made final proof and received a certificate, but before there was an issuance of the patent, is valid notwithstanding section 2296 of the Revised Statutes of the United States, which provides that no Government lands acquired as homesteads shall, in any event, become liable to the satisfaction of any debt or contract prior to the issuance of the patent therefor; the purpose of said statute being the protection of the entryman, and to prevent the involuntary appropriation of the land to the satisfaction of debts incurred prior to the issuance of the patent."

We think that this is a correct statement of the law. See the authorities cited in the opinion and also those cited upon page 308 of 6 Federal Statutes Annotated.

We call attention to the fact that Laura Warren also entered her appeal from the final decree, but has filed no brief in this court and her appeal may be considered abandoned. See Wall v. Shelley, 36 Fla. 357, 18 South. Rep. 856.

The decree must be affirmed.

TAYLOR, C. J., and COCKRELL and ELLIS, JJ., concur.

WHITFIELD, J., absent on account of illness.