DUNK HARRIS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion filed April 8, 1918.

1. A judgment of conviction in a criminal case should show the judicial character of the act, the nature and scope of the adjudication and its application to the controversy before the court.

2. Objectionable remarks by the prosecuting attorney during argument before the jury which upon motion of defendant are promptly ruled to be improper and the jury instructed to ignore them, will not cause a reversal of the judgment by this court where the evidence is sufficient to sustain the verdict and there is nothing to show that the jury were influenced by such improper remarks to the defendant's prejudice.

3. In the trial of one for murder a requested instruction which embraces the idea that threats by the deceased against the defendant's life when communicated to the latter establish the existence of imminent danger of death or great harm to the latter from the person killed is properly refused.

4. Requested instructions which have been substantially given by the court in its general charge or upon request are properly refused.

5. Upon the subject of self defense the question of whether the defendant was reasonably apprehensive of danger or great harm from the deceased is a question of fact to be gathered by the jury from all the circumstances in the case.

6. Evidence examined and found sufficient to support a verdict of murder in the second degree.

Writ of Error to Circuit Court for Baker County, J. T. Wills, Judge.

Remanded with instructions to enter proper judgment.

*Cone & Chapman* and *W. B. Cone,* for Plaintiff in Eror;

*Van C. Swearingen,* Attorney General, and *W. W. Trammell,* Assistant, for the State.

ELLIS, J.—Dunk Harris, the plaintiff in error, herein·after referred to as the defendant, was indicted 'for murder, and at a term of the Circuit Court for Baker. County held in October, 1917, was found guilty by the jury of murder in the second degree. Thereupon the following judgment was entered: "That you Dunk Harris, be delivered to the Sheriff of Baker County, and by him delivered to the proper authorities of the State penitentiary for the full term of your natural life."

The first assignment of error attacks this judgment as an insufficient adjudication of the defendant's guilt. We think the assignment is well taken.

There should have been a clear, positive and definite adjudication by the court of the defendant's guilt followed by the sentence which the law imposes. And while this court has held that only in capital cases is it necessary to ask the defendant if he has anything to say why judgment should not be pronounced, yet as a matter of judicial prudence the question should be asked in all trials of felonies.

It is entirely within the range of possibility that the defendant may say something that would legally claim judicial attention and result in arrest of the judgment. It is the last opportunity of the defendant to speak before he is condemned and should not be denied him. In the case of Mathis v. State, 67 Fla. 277, 64 South Rep. 944, this court suggested a form of judgment that

might be followed in criminal cases where there is con-
viction by the jury of felony.

A judgment in substance should show directly and
not inferentially the judicial character of the act, the
nature and scope of the adjudication and its application
to the controversy before the court. See 28 Cyc. 670,
and authorities cited.

The second and third assignments of error attack the
ruling of the court denying the motion of the defendant
to declare a mistrial after the "Assistant Prosecuting
Attorney" had abused the privileges of argument and
the court had directed the jury to disregard the state-
ments made by the attorney.

It is true that the remarks of the Assistant Prose-
cuting Attorney were improper. They were in relation
to matters about which there was no evidence, they
were not in the nature of legitimate deductions from
facts already in evidence, and were somewhat prejudicial
to the defendant. But the court promptly upon defend-
ant's objection suppressed the remarks and directed the
jury to ignore them. We cannot assume that the jurors
disobeyed that instruction of the court and thus vio-
lated their sworn duty, nor do we think that there is
any ground for such suspicion in the evidence which we
think was sufficient to sustain the verdict. In the
Clinton case, 53 Fla. 98, 43 South. Rep. 312, the object-
tionable remarks made by counsel for the State were
permitted by the court to stand over defendant's objec-
tion as legitimate argument for consideration by the
jury and this court said that was error.

The defendant requested the court to give the follow-
ing instruction, which was denied:

"The court charges that if the homicide was com-
mitted by the defendant in the lawful defense of him-

34—Vol. 75

self and was free from fault at a time when there was apparent circumstances for him as a reasonable, prudent and cautious man to apprehend and if he did then and there apprehend a design on the part of the deceased to kill him or to do him harm or violence this design to kill or to do great personal harm to the deceased can be evidenced by threats to the defendant by the deceased or by the deceased to another and communicated to the defendant prior to the alleged killing and if you believe this to be true from the evidence the defendant had the right under the law by virtue of said threats uttered by the deceased and communicated to him, if you believe same was done, to be apprehensive of being killed' or suffer great personal danger, which the law does not require of any man, and if you believe this to be true and these communicated threats were in the knowledge of the defendant prior to the time of the alleged killing there was then and there imminent danger of defendant being killed or suffer great personal harm and the defendant acted under the conditions and circumstances aforesaid as a reasonable, prudent and cautious man did shoot the deceased at a time when the defendant was not the aggressor, then the homicide was in law justifiable and it is your duty as jurors to find the defendant not guilty."

The refusal to give this requested instruction constitutes the basis of the fourth assignment of error.

The court's refusal to give the instruction was not error. The purpose of the instruction was to inform the jury that the defendant was justified in killing the deceased, if the defendant himself was free from fault and the circumstances were sufficient to justify belief on the part of a reasonable man that the deceased designed to kill the defendant. And that such design

was evidenced by threats, which, if communicated to the defendant, were sufficient to establish the imminency of defendant's peril of death or great injury from defendant.

The charge contains no correct proposition of law, does not correctly state the law of self defense, singles out and emphasizes particular parts of the evidence, gives undue importance to the threats and announces as a proposition of law that threats against one's life by another when communicated to that other establish the existence of imminent danger to that other of death or great harm.  There was no error in the court's refusal to give the instruction.

The following instruction was also requested and refused: "If you believe from the evidence that the defendant, with a number of others, went into a certain house for the purpose of taking a drink and this mission was the sole and only purpose, then the court charges you the question of premeditation cannot be considered by this jury, because the law permits and allows a person to go where his legitimate business requires, and it was not his duty to get out of the way of the deceased, shun him or take any step or action unnecessary to come into personal contact with him.  The law authorizes a person to stand his own ground and protect his own life and if you believe this from the evidence, it is your duty as jurors not to convict the defendant but to acquit him."  The refusal to give this charge is made the basis of the fifth assignment of error.

It is insisted that the requested instruction announces a correct proposition of law and one applicable to the case.  The question of premeditation was involved in the crime of murder with which the defendant was charged and the court in its general charge instructed

the jury fully upon the subject. The refusal to give the requested instruction was therefore not error. See Pelham v. State, 70 Fla. 295, 70 South. Rep. 87; Parker v. State, 70 Fla. 152, 69 South. Rep. 696; Fine v. State, 70 Fla. 412, 70 South. Rep. 379. But in view of the verdict which was for murder in the second degree the question becomes immaterial because the element of premeditation is not present in the offense of murder in the second degree. The defendant therefore got the benefit of his requested instruction. The charge however was incorrect as a proposition of law and uncertain in meaning and calculated to mislead the jury.

The sixth assignment of error rests upon the refusal of the court to give the following instruction requested by the defendant: "The court charges you that a threat uttered by the deceased against the defendant and communicated to him, if you believe from the evidence this to be true, accompanied by appearances of danger, though not actual or imminent to a reasonable, prudent and cautious man not having knowledge of the utterance and communication of said threat, if any, in law are sufficient to induce a person acting as a reasonable, prudent and cautious man to believe that great violence or personal danger is about to befall the slayer, and if you believe this to be true from all the circumstances and conditions controlling the homicide it is your duty as jurors to render a verdict of not guilty."

There is no merit in this assignment of error. The requested instruction is supported by no authority cited by counsel. Uncommunicated threats of violence toward the defendant uttered by the deceased are admissible when there is doubt as to who began the difficulty, as throwing light upon the question as to who was the agressor. Communicated threats are admissible under

the same circumstances for the same reason and the additional one of throwing light upon the question of reasonable apprehension on defendant's part of bodily injury from deceased, but to announce as a matter of law that "a threat" no matter of what character, accompanied by "appearances of danger" is sufficient to induce the defendant as a reasonable, prudent and cautious person to believe that great danger is about to befall him, would be palpably wrong. In the first place the question of reasonable apprehension of danger is a question of fact, not law, to be gathered by the jury from all the circumstances of the case. It is for the jury to say, all the circumstances considered, whether a reasonably prudent and cautious man would have believed himself in danger of death or great harm from the deceased, not for the court to say that certain facts as a matter of law create that apprehension in a reasonable cautious and prudent person.

We have carefully examined the evidence and think that it was amply sufficient to sustain a verdict of murder in the second degree.

For the error in the form of the judgment however the case is remanded with instructions to enter a proper judgment.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.