MONROE R. LIGHTSEY AND ANNIE LIGHTSEY, HIS WIFE, *Appellants*, v. A. P. BUTTS AND W. B. ZACHARY, *Appellees*.

### En Banc.

### Opinion Filed February 28, 1925.

1. Unless wholly irrelevant or otherwise improper, a pleading should not be stricken.

2. An averment that the joinder by the wife in a conveyance of homestead property, under the Constitution of Florida, was induced by fraud is sufficient basis for proof, which, if made, would vitiate the transaction on the theory that if the property was the homestead, the "joint consent" of the husband and wife to the alienation thereof was essential.

3. Query: Does Ruddy v. Rossi, 248 U. S. 104, holding that land acquired under the United States homestead law shall not in any event become liable to the satisfaction of any debt contracted prior to the issuance of patent for such homestead land, require a modification of the views expressed in Bells Naval Stores Co. v. Whitten, 71 Fla. 348, 71 South. Rep. 281? Determination of this question is postponed until after an opportunity of submitting evidence has been allowed.

An Appeal from the Circuit Court for Highlands County; George W. Whitehurst, Judge.

Reversed.

*George F. Parker*, for Appellants;

*Guy A. Andrews*, for Appellees.

WEST, J.—This is a suit to foreclose a mortgage on real estate. The bill of complaint is in the usual form, with a copy of the note evidencing the indebtedness and certified copy of the mortgage sought to be foreclosed attached to

and made a part of the. bill.   The mortgage is upon lots 1
and 2 in a designated section, township and range, but fore-
closure is sought as to lot 2 only.   The defendants, who are
husband and wife, filed separate answers.   The answer of
defendant Monroe R. Lightsey admits that he signed the
note and mortgage and avers that the indebtedness evi-
denced by the note was contracted by himself alone; that
title to lot 1 described in the mortgage was never acquired
by him and that lot 2 is homestead property.   Defendant
Annie Lightsey answered "that at the time she signed the
alleged mortgage and note set forth in complainant's bill
of complaint, and which she admits that she did sign, that
she signed the same under the impression that she was
signing a bond for the appearance of Monroe R. Lightsey
to appear before some court at a subsequent date, and that
she signed the same after being informed by complainant
A. P. Butts, they were making bond for the appearance of
said Monroe R. Lightsey before some court, and that she
relied upon the representation of the said A. P. Butts, and
did not know that she had signed a mortgage until some
time afterwards, when the complainants sent her another
mortgage to sign, for the purpose of correcting the former
mortgage, which she did refuse to do, and that she would
never have signed the first had she not been given to un-
derstand as aforesaid that it was a bond. * * * That at
the time she signed the alleged mortgage and signed the
said note, that the lands described therein, were not their
lands, but she and her husband and their eight children
were living thereon under the homestead laws of the Unit-
ed States of America, and that they had not yet received
the final receipt or certificate therefor, that the said lands
are still the homestead of the defendants, and inures to the
said respondent and her children, and that the complain-
ants were told by respondent that she had no right under
the laws of the United States to transfer or mortgage the

said lands, and further says that the said mortgage was illegal and void, in that no final certificate or patent had been issued therefor, and that none has ever issued for lot 1, Sec. 21, Tp. 35 S. R. 30 or has issued to date of this answer, that the said debt covered by the said mortgage was contracted by her said husband prior to the date of issuing of the final certificate, and the alleged mortgage executed prior thereto also, and is forbidden under the said United States homestead laws, and is therefore void.''

The cause was set down by complainants for final hearing upon bill and answers. Upon presentation for hearing the court adjudged *sua sponte* that the answers set up no defense to the bill, and referred the cause to a special master to take and report the testimony in order that the proper decree might be made. The special master reported that he proceeded *ex parte* to take the testimony of complainants, whereupon final decree for complainants was entered by the court.

The order adjudging the answers insufficient and appointing the special master to take testimony and the final decree for complainants are assigned as errors.

Not having been considered on that theory, the rule that where a cause is set down for final hearing on bill and answer the averments of the answer are taken as true, is not applicable.

The answers attempted to set up two defenses, first, fraud in procuring the execution of the mortgage, and second, that the mortgage was not enforceable for the reason that it purported to subject United States Government homestead land to the satisfaction of a debt contracted prior to the issuing of the patent therefor.

Unless wholly irrelevant or otherwise improper, a pleading should not be stricken. Oneida Land Co. v. Richard, 73 Fla. 884, 75 South. Rep. 412; Burr v. Hull, 66 Fla. 20, 63 South. Rep. 300; Guggenheimer & Co. v. Davidson, 62

Fla. 490, 56 South. Rep. 801. The averment of fraud in the procurement of the signature of defendant Annie Lightsey to the note and mortgage upon property alleged to be the homestead of defendants is not so imperfect and the defense attempted to be set up is not so destitute of merit as to authorize a striking of the pleading and a denial to her of its benefits upon a hearing on bill and answer. If not submitted on bill and answer, the averment that the joinder in the conveyance by the wife was induced by fraud is sufficient basis for proof which, if made, would vitiate the transaction, on the theory that if the property mortgaged was the homestead of defendants, under the Constitution and laws of the State the "joint consent" of the husband and wife to the alienation thereof was essential. There was error, therefore, in the order striking the answers.

With respect to the second defense, while this court held in Betts Naval Stores Co. v. Whitton, 71 Fla. 348, 71 South. Rep. 281, that a mortgage given upon homestead property after final proof and receipt of a final certificate may be valid, the answer in this case avers that at the time the mortgage sought to be foreclosed was executed, the final certificate for the mortgaged property had not been received. In Ruddy v. Rossi, 248 U. S. 104, decided subsequent to Betts Naval Stores Co. v. Whitton, *supra,* the United States Supreme Court, applying the same statute (§2296, Rev. Stats.), held that land acquired under the homestead act could not in any event become liable to the satisfaction of any debt contracted prior to the issuance of patent for such land. Whether that decision requires a modification of the holding in Betts Naval Stores Co. v. Whitton, *supra,* is not, because of the present state of the record in this case, decided, determination of the question being postponed until after an opportunity of submitting evidence has been allowed. The point upon this feature

of the case now decided is that there was error in striking the answer which attempted to set up this defense to the bill.

The order and decree appealed from are reversed with directions to proceed in accordance with views herein expressed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS, J., concur in the opinion.