J. C. ANDERSON, *Plaintiff in Error,* v. L. F. CHAPMAN, Superintendent of the State Prison, *Defendant in Error.*

146 So. 675.

Opinion filed March 13, 1933.

*Parks M. Carmichael* and *Joe C. Jenkins,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *Roy Campbell,* for Defendant in Error.

DAVIS, C. J.—Where upon consideration of the return to a writ of habeas corpus, it appears to the Court that petitioner for the writ has been sentenced to a term of imprisonment in the State prison, but that the sentence was imposed by the court without any definite adjudication by the sentencing court of the guilt of the petitioner of the offense for which he was sentenced, and is being incarcerated in the State prison, the court should remand the petitioner to the court for a proper re-sentence after the entry of a judgment adjudicating the prisoner's guilt.

A sentence to imprisonment is *void* unless it is based upon a judgment of conviction pronounced by the court. Smith v. State, 75 Fla. 468, 78 Sou. Rep. 530; Johnson v. State, 81 Fla. 783, 89 Sou. Rep. 114; Harris v. State, 75 Fla. 527, 78 Sou. Rep. 526; Norwood v. State, 80 Fla. 613, 86 Sou. Rep. 506; Timmons v. State, 97 Fla. 23, 119 Sou. Rep. 393; Tootles v. State, 98 Fla. 469, 123 Sou. Rep. 922; Maniscalco v. State, 98 Fla. 468, 123 Sou. Rep. 922; *Ex-Parte* McDaniel, 86 Fla. 145, 97 Sou. Rep. 317; Mathis v. State, 67 Fla. 277, 64 Sou. Rep. 944; Burns v. State, 97 Fla. 232, 120 Sou. Rep. 360; Ellis v. State, 100 Fla. 27, 129 Sou. Rep. 106. And such a sentence, being void, will not support a writ of error, which if issued thereon, will be quashed. Caughn v. State, 89 Fla. 185, 122 Sou. Rep. 565.

In Burns v. State, *supra,* a sentence reading as follows: "It is the sentence of the law and the judgment of the court that you, George Burns, having been convicted of highway robbery, be imprisoned by confinement at hard labor for a period of two years," was on a writ of error held insufficient as an adjudication of guilt to support the sentence imposed. And in Caughn v. State, *supra,* the sentence similarly held deficient was as follows: "It is the judgment of the court and the sentence of the law that you, Neoma Caughn, alias," etc., "and each of you be taken by the sheriff or his lawful deputy to State's prison of the State of Florida, and delivered to the principal keeper thereof, and there be confined in said State's prison at hard labor for a period of five (5) years each." The last mentioned entry was acknowledged to be good as a sentence, but was deemed in effect no final *judgment* of the court, and therefore insufficient to support a writ of error, which could lie only to the judgment and not to the sentence alone.

In the present case the alleged judgment and sentence imposed reads as follows:

"State of Florida v. J. C. Anderson.

"Now on this day came in person the defendant, J. C. Anderson, into open court after being duly arraigned entered his plea of guilty to robbery, the charge contained in the information filed herein against him. And being asked by the court whether or not he had anything to say why sentence of the law should not now be pronounced upon him, say nothing.

"It is therefore considered by the court that you, J. C. Anderson, for the crime of which you have been and stand convicted, do be imprisoned by confinement at hard labor in the State Prison for a period of ten (10) years."

While such a judgment entry may be fatally defective because it does not clearly adjudicate the defendant's guilt, nevertheless it does recite the fact that with the approval of the court the defendant *has been and stands convicted* of the described crime of robbery, the charge contained in the information filed against him. Such a recital to the effect that the accused "stands convicted" implies an adjudication of guilt (See *Ex parte* McDaniel, 86 Fla. 145, 97 Sou. Rep. 317) by way of inference, and though not sufficient to stand against reversal on writ of error in an inferential form, is none the less such a *form of attempted adjudication of guilt* as will support a writ of error, and is therefore not wholly void in its effect as a judgment.

The majority of the decisions, and especially those more in consonance with reason and justice, are adverse to the discharge of criminals who have been duly convicted when the application for their release is by petition for habeas corpus based on some error, omission, or mistake in the judgment or sentence which might have been cured or corrected by writ of error or appeal. 12 R. C. L. 1207-1208.

But if the vice of a sentence is not merely that it is defective, but is of an entirely different character from that

authorized by law, it is generally held that such sentence is void, and that the prisoner will be discharged on habeas corpus. 12 R. C. L. 1209. The jurisdiction of a court or judge to render a judgment is always a proper subject of inquiry on habeas corpus, and if the court or judge had not jurisdiction to render the judgment, either because the proceedings or the law under which they were taken are unconstitutional, or for any other reason the judgment is void, one who is imprisoned under and by virtue of it may be discharged on habeas corpus. 12 R. C. L. 1196.

A court will not review on habeas corpus the failure of the judgment to state the particular offense of which the defendant is convicted, or expressly to adjudge the defendant's guilt. *Ex Parte* Roberson, 123 Ala. 103, 26 Sou. Rep. 645, 82 A. S. R. 107.

A judgment, in its nature, concludes the subject on which it is rendered, and pronounces the law of the case. The valid judgment of a court of record, whose jurisdiction is final, is of itself evidence of its own legality, and is sufficient to establish the legality of a commitment in accordance with it, so long as it stands unvacated and unreversed. A writ of habeas corpus is in the nature of a writ of error only insofar as it seeks to examine the commitment, not the judgment. The judgment itself cannot be reviewed on the writ of habeas corpus except as hereinbefore stated. *Ex Parte* Tobias Watkins, 3 Peters (U. S.) 193, * 7 L. Ed. 650, 29 C. J. 5-7.

This leads us to a statement of the conclusion that, however defective in form a judgment entry followed by a sentence in a criminal case may be, if there is an adjudication in substance, though not in form, that the accused is guilty of the crime for which he is sentenced, the adjudication supporting the "sentence" is not to be regarded as insufficient on habeas corpus to sustain a commitment

issued to enforce the sentence imposed, if the sentence is' otherwise valid. While a sentence that is voidable because the supporting adjudication of guilt is inartificially or insufficiently stated, may be reversed on writ of error, and the cause remanded for the imposition of an appropriate sentence after a valid judgment is entered, such defect in an adjudication of guilt is' not available as a ground for setting the sentence aside on *habeas corpus* which involves a collateral attack. Only where there is in effect no judgment or guilt at all will the "sentence" be held void on *habeas corpus.*

An entry in the minutes of a court of record whereby a court of record declares that it is "considered" that an accused for a crime of which he "has been" and "stands" *convicted,* should be imprisoned in the state prison is (an insufficient and wholly) defective statement of the court's adjudication of guilt, but is not such a complete absence of any adjudication at all, as' will make the judgment and sentence incapable of being reviewed on writ of error and therefore subject to being set aside on habeas corpus.

The judgment of the Circuit Court remanding the prisoner in this case should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.