L. F. CHAPMAN, as Superintendent, State Prison Farm, v. T. J. PARRISH.

154 So. 334.
Opinion Filed April 26, 1934.

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Plaintiff in Error;

No appearance for Defendant in Error.

BUFORD, J.—The writ of error in this case is to review the judgment in a habeas corpus proceeding whereby the petitioner was discharged from custody.

The contention of the petitioner was that he had never been adjudicated guilty of the offense for which he was tried and convicted. The judgment in that case was affirmed in this Court. See Parrish v. State, 105 Fla. 430, 141 Sou. 314. The judgment of the court was as follows, to-wit:

"Now on this day came in person the defendant T. J. Parrish in open court, and being asked by the Court whether he had anything to say why sentence of the law should not be pronounced upon him, says nothing. It is, therefore, the judgment, order and sentence of the Court that you, T. J. Parrish, for the crime of which you have been and stand convicted, be imprisoned for Two Years in the State Penitentiary from the date of your delivery to the officers thereof and costs of court or serve an additional three months to start at expiration of first sentence."

In Anderson v. State, opinion filed March 13, 1933, 146 Sou. 675, we said:

"In the present case the alleged judgment and sentence imposed reads as follows:

" 'State of Florida v. J. C. Anderson.

" 'Now on this day came in person the defendant J. C. Anderson, into open court after being duly arraigned entered his plea of guilty to robbery, the charge contained in the information filed herein against him. And being asked by the Court whether or not he had anything to say why sentence of the law should not now be pronounced upon him, say nothing.

" 'It is therefore considered by the Court that you, J. C. Anderson, for the crime of which you have been and stand convicted, do be imprisoned by confinement at hard labor in the State Prison for a period of ten (10) years.' While such a judgment entry may be fatally defective because it does not clearly adjudicate the defendant's guilt, nevertheless it does recite the fact that with the approval of the court the defendant *has been* and *stands convicted* of the described crime of robbery, the charge contained in the information filed against him. . Such a recital to the effect that the accused 'stands convicted' implies an adjudication of guilt (See *Ex Parte* McDaniel, 86 Fla. 145, 97 So. 317) by way of inference, and though not sufficient to stand against reversal on writ of error in an inferential form, is none the less such a form of *attempted adjudication of guilt* as will support a writ of error, and is, therefore, not wholly void in its effect as a judgment. The majority of the decisions, and especially those more in consonance with reason and justice, are adverse to the discharge of criminals who have been duly convicted when the application for their release is by petition for habeas corpus based on some error,

omission or mistake in the judgment or sentence which might have been cured or corrected by writ of error or appeal. 12 R. C. L. 1207, 1208."

On authority of the opinion and judgment in that case the judgment is reversed, with directions that petitioner be remanded to the custody of L. F. Chapman as Superintendent of the Florida State Prison Farm, there to be dealt with according to law.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I think the judgment was valid and sufficient for all purposes under the form laid down in Mathis v. State, 67 Fla. 277, 64 So. 944, and upheld in Ellis v. State, 100 Fla. 27, 34, 129 Sou. 106, 109.