STATE, *ex rel.* JOHN McGUIRE, v. NATHAN MAYO, as Custodian of State Prisoners.

175 So. 732.
Opinion Filed June 28, 1937.
Rehearing Denied July 26, 1937.

*E. L. Bryan,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus in which the Petitioner challenges the sufficiency of the judgment which was entered against him in the Criminal Court of Record of Volusia County, Florida, at the July, 1931, Term of that Court.

The judgment and sentence was in the following language, to-wit:

"Minutes of the Criminal Court of Record of Volusia County, State of Florida, July Term, A.. D. 1931.

"State of Florida v. John McGuire.

"Sentence—Robbery while armed.

"Now, again comes the defendant; John McGuire, in proper person, Whereupon, it is adjudged by the jury that the said defendant is guilty of the offense of Robbery while Armed, as charged in the Information herein, and the said defendant being asked by the Court, if he had anything to say why the sentence of the law should not be pronounced upon him, and saying nothing sufficient; Therefore, it is the Judgment, Order and Sentence of the Court, that you, John McGuire, be taken by the Sheriff of Volusia County, Florida, or his lawful Deputy to the State Penitentiary of the State of Florida, and there be delivered to the principal officers,. and there be confined in the said Penitentiary at hard labor for the period of Fifteen Years from the date of your incarceration therein.

"Bert Fish,
"Judge, Criminal Court of Record, Volusia County, Florida."

It is the contention of the Petitioner that this judgment is without force and effect as an adjudication of guilt, because of the use of the words "by the jury" therein.

The judgment was inartfully framed, but as we construe it, it meets the rule laid down in Section 99 of Freeman on Judgment, 5th Edition, which we adopted in the case of Ellis v. State, 100 Fla. 27, 129 Sou. 106, which is as follows:

"A judgment of conviction may be said to consist of two parts, to-wit: 1. The facts judicially ascertained, together with the manner of ascertaining them, entered of record. 2. The recorded declaration of the court pronouncing the

legal consequences of the facts thus judicially ascertained. Both of these parts are equally necessary in the entry of a judgment of conviction. In the first part it is usual and proper to set forth in the minutes of the court the title and number of the case, the calling of the case for trial, the appearance of the parties, the plea of the defendant, and if 'not guilty' the selection, impaneling, and swearing of the jury, the submission of the evidence, the charge of the court, the return of the verdict, and the finding of the jury. In the second part it should be declared upon the record, in connection with the verdict, in the event of a conviction, that it is considered by the Court that the defendant is adjudged to be guilty of the offense as found by the jury, and that the defendant be punished as it has been determined by the jury,—in cases where they have the right to determine the amount, or the duration and place of punishment,—setting particularly the amount, or the duration and place of punishment, in accordance with the nature and terms of the punishment prescribed in the verdict.'"

In the case of Mathis, *et al.,* v. State, 67 Fla. 277, 64 Sou. 944, this court approved a judgment and sentence in the following language:

"Now on this day came in person the defendants, J. M. and A. C. H. and J. C. McD. with their counsel into open court, and each of them being separately asked by the court whether he or they had anything to say why sentence of the law should not now be pronounced upon him, say nothing. It is therefore, the judgment, order and sentence of the court that you, J. M. and A. C. H. and J. C. McD., and each of you, *for the crime of which you have been and stand convicted,* be imprisoned in the State Penitentiary of the State of Florida for a period of two years from the date of your delivery to the officers thereof."

The judgment in the instant case is as clear an adjudication of guilt as was the judgment in the Mathis case. In fact, if we eliminate the three words "by the jury" from the judgment in this case there could be no logical or reasonable challenge of its clarity and sufficiency and we hold that the misuse of those words does not so invalidate the judgment as to make it void. It complies with that part of the rule as stated above, that is, "In the second part it should be declared upon the record in connection with the verdict, in the event of conviction, that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury and that the defendant be punished," etc. Our construction is that the judgment should be construed to be of the same force and effect as if it had read: "Now again comes the defendant, John McGuire, in proper person, whereupon it is adjudged *as found* by the jury that the said defendant is guilty," etc., thereby interpolating the words "as found."

The return of the respondent is held sufficient and the habeas corpus heretofore issued is quashed.

So ordered.

ELLIS, C. J., and TERRELL and BROWN, J. J., concur.

MR. JUSTICE DAVIS wrote the following opinion, dissenting in part:

DAVIS, J. (dissenting in part).—I think the accused should be remanded for a proper judgment and sentence unless the Criminal Court affected amends its own judgment to show that it, and not the jury, adjudged guilt. There is no excuse for such errors as this and the Supreme Court should not condone the misprision by rejecting as surplusage a definite part of a sentence affecting fifteen years of a man's liberty.

## ON PETITION FOR REHEARING.

PER CURIAM.—It must be remembered that this is a collateral attack upon a judgment rendered six years ago. If the point made here had been made by direct attack on writ of error, the judgment would doubtless have been remanded to the lower court for correction, or for the entry of a new judgment properly worded so as to explicitly express what the trial court evidently intended to express. But on collateral attack upon a judgment of a court which had jurisdiction of the subject matter and of the parties, as here, the presumption is in favor of the validity of the judgment, and it will not be declared void for mere error or irregularity in the entry or record of the judgment, provided its defects or omissions are not such as to render it absolutely unintelligible and therefore void for uncertainty. See 34 C. J. 559, 563-4, and cases cited.

Petition for rehearing denied.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.