JOE TRACEY v. L. F. CHAPMAN, Superintendent of State Prison Farm.

185 So. 429.

Division A.

Opinion Filed December 28, 1938.

*H. H. McDonald,* and *Parks M. Carmichael,* for Plaintiffs in Error;

*George Couper Gibbs, Attorney General,* and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—This case is before us on writ of error to judgment in habeas corpus proceedings remanding the petitioner, plaintiff in error here, to the custody of the respondent, defendant in error here.

The record shows that petitioner was convicted in the Circuit Court of the Seventeenth Judicial Circuit in and for Orange County on the 12th day of May, 1926, of murder in the second degree and was sentenced to serve for the term of his natural life in State prison; that he was convicted on the 30th day of January, 1926, in Circuit Court of the Third Judicial Circuit in and for Hamilton County of the crime of robbery and was sentenced to serve a term of fifteen (15) years in State Prison. It shows that on the 16th day of December, 1935, the petitioner was granted a temporary conditional parole by the State Board of Pardons, in the following language, to-wit:

"Whereas, at a meeting this day held at the Capitol, in the City of Tallahassee, at which were present His Excellency David Sholtz, Governor of said State, R. A. Gray, Secretary of State, Cary D. Landis, Attorney General, J. M. Lee, Comptroller and Nathan Mayo, Commissioner of Agriculture, of said State, who under the Constitution of said

State, have full power to remit fines and forfeitures, commute punishments, and grant pardons after convictions, it was determined that JOE TRACEY who was convicted in the Circuit Court of Hamilton County, Florida, at the January Term thereof, A. D. 1926, of the offense of Robbery and sentenced therefor to serve fifteen years in the State Penitentiary, and who was also convicted in the Circuit Court of Orange County, Florida, at the May term thereof A. D. 1926 of the offense of Murder and Sentenced therefor to Life Imprisonment in the State Penitentiary, should now, upon showing made, be granted a temporary conditional parole.

"WHEREFORE Be it Known, That the said JOE TRACEY be, and he is hereby paroled into the care and custody of Honorable W. B. Douglass, Tallahassee, Florida, for a period of ninety days for medical treatment, who is required to report periodically to the Board as to his conduct, effective during good behavior or until otherwise ordered by the Board; at the expiration of said time the said Joe Tracey is to return to the Florida State Penitentiary and serve the remainder of his original sentence.

"IN TESTIMONY WHEREOF, We have at the Capitol in Tallahassee, hereunto set our hands, this 16th day of December A. D. 1935."

And that on the 19th day of February, 1936, that Parole was revoked in the following language, to-wit:

"STATE BOARD OF PARDONS, STATE OF FLORLDA, TALLAHASSEE

"WHEREAS, on the 16th day of December, A. D. 1935, a conditional parole for ninety days was granted to Joe Tracey, who was convicted in the Circuit Court of Hamilton County, Florida, January Term thereof, A D. 1926, of the offense of Robbery and sentenced therefor to serve fifteen

years in the State penitentiary, and who was also convicted in the Circuit Court of Orange County, Florida, May Term thereof, A. D. 1926, of the offense of Murder and sentenced therefor to Life Imprisonment in the State penitentiary, and

"WHEREAS it was provided in said conditional parole and the same was granted to and accepted by the said Joe Tracey upon the express understanding and condition that the said conditional parole was to be effective during good behavior or until otherwise ordered by the Board, and

"WHEREAS, The Board has been advised that the conduct of the said Joe Tracey since his release on the 16th day of December, A. D. 1935, has not been in accord with the conditions of the above parole;

"Now, THEREFORE, BE IT RESOLVED that the State Board of Pardons is satisfied from the above representation that the conditional parole heretofore granted to the said Joe Tracey should be withdrawn, and does hereby order that the said Joe Tracey be made to serve the remainder of his original sentence.

"IN TESTIMONY WHEREOF We have hereunto set our hands at Tallahassee, the Capitol, State of Florida, this the 19th day of February, A. D. 1936."

In the petition for writ of habeas corpus it is alleged, amongst other things, that,

"He would show unto the Court that he accepted the said parole under these stated conditions and under no other conditions than incorporated in the said parole, and that he signed the original of the said parole as evidence of his acceptance of the terms thereof. He would show unto the Court that on, to-wit: the 19th day of February, A. D. 1936, the said Board of Pardons revoked the said parole, and under its order of revocation, your petitioner was required to return to the Florida State Prison to complete his said

original sentence, as will more fully appear from a copy of the said order or revocation attached hereto, marked Exhibit 5, and prayed to be made a part of this petition as though set forth therein in *haec verba.* He would show unto the Court that upon receiving information of the said revocation, that your petitioner did, on to-wit: the 2nd day of March A. D. 1936, voluntarily return to the said State Prison for the purpose of completing his said original sentence, in accordance with the terms of the said parole and has fully lived up to and carried out all of said contract.

"He would further show unto the Court that his original sentence attached hereto and referred to as Exhibit 2, was for a period of fifteen years; and that under Chapter 18065, Laws of the State of Florida Acts of 1937, your Petitioner is required to serve eight years, seven months and five days with a good record, in order to complete the said original sentence. He would show unto the Court that he has served more than the said time and that his record at the Florida State Prison is perfect and without a mark against him; and that by reason of his good conduct he has long since completed his original sentence, to-wit: the said fifteen year sentence from Hamilton County, Florida, a certified copy of his conduct record being hereto attached and made a part of this petition marked Petitioner's Exhibit number 6, and prayed to be referred to as often as necessary, as fully as if set forth herein in *haec verba.*

"Your petitioner further represents that there is no law of the State of Florida authorizing or justifying our Petitioner's detention in custody or in imprisonment and that he is entitled to his liberty forthwith, but nevertheless respondent continues to hold him in custody, contrary to the Laws and constitutions of the United States and the State of Florida.

"Your petitioner would further show and allege that he

is without funds to pay the cost of this Habeas Corpus proceedings and cannot raise any money to pay the same, and unless the cost of these proceedings are taxed against the State of Florida, your petitioner would be unlawfully deprived of the constitutional right of the Writ of Habeas Corpus.

"Your petitioner therefore prays that your Honor grant him the most gracious Writ of Habeas Corpus, to be directed to the said L. F. Chapman, as Superintendent of the State Prison of the State of Florida, and returnable forthwith before your Honor, in accordance with the law, as your Honor may direct; and Respondent show cause why he holds your petitioner in custody and upon what lawful grounds he seeks to deprive your petitioner of his liberty, and your petitioner prays upon final hearing thereof that he may be discharged from custody, and the costs of this proceeding taxed against the State of Florida; and in said proceedings the Court make such inquiry as necessary to determine whether or not petitioner has performed his said contract."

The sentence for murder in the second degree began to run from date thereof and, so far as the record here shows, has never been commuted, reversed, pardoned or vacated.

The return of the respondent in the court below shows that he holds the petitioner "under and by virtue of the judgments, sentences and commitments of the Circuit Courts of Orange and Hamilton Counties, respectively, under the judgments and sentences hereinabove referred to.

The only contention presented here which commands any discussion by this Court is that the sentence imposed by the Circuit Court of Orange County is ineffective because not based upon a sufficient judgment of conviction. The judgment and sentence is in the following language:

"You Joe Tracey, having been convicted in this Court of

murder in the second degree, have you anything to say why the sentence of the Court should not be passed upon you; and nothing being offered by the defendant, or his counsel, that would preclude lawful judgment and sentence; it is the judgment of the law, and the sentence of the Court, that you, Joe Tracey, be confined in the State Prison at hard labor for the term of your natural life.

"This 12th day of May A. D. 1926."

The judgment will be held sufficient as against an attack by habeas corpus on authority of the opinions and judgments in the cases of Anderson v. Chapman, 109 Fla. 54, 146 Sou. 675; Tx Parte McDaniel, 86 Fla. 145, 97 Sou. 317; Chapman v. Parish, 114 Fla. 612, 154 Sou. 334.

Therefore, the judgment is affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, and CHAPMAN, J. J., concur.