CATO MANNING and BARTO MANNING v. STATE.

185 So. 849.
Division B.
Opinion Filed January 20, 1939.

*Leon H. Robbins* and *Zack H. Douglas,* for Petitioners;
*George Couper Gibbs,* Attorney General, and *Tyrus A.· Norwood,* Assistant Attorney General, for. Respondent.: ·.

CHAPMAN, J.—On petition for writ of certiorari to review the action of the Circuit Court for Alachua County, it has been made to appear in this Court that Cato Manning and Barto Manning were by affidavit and warrant filed in the County Judge's Court of Alachua County, Florida, charged with stealing ten hogs of the value of $25.00, the property goods and chattels of S. L. Turner. The defendants were tried by a jury and found guilty and each sentenced to serve a period of six months at hard labor.

It is contended here that the County Judge's Court of Alachua County, Florida, was without jurisdiction to try the petitioners and cite as authority therefor Porter v. State, 62 Fla. 79, 56 So. 406. Our study of the Porter case, *supra*, shows that neither affidavit nor the evidence shows any value of the property alleged to have been stolen, while in the case at bar the value of the stolen property as recited in the affidavit and warrant is $25.00, and is controlled by Section 7224 C. G. L. See Curington v. State, 80 Fla. 494, 86 So. 344.

It is next contended that the sentence is fatally defective in that the petitioners were sentenced to serve a period of six months in the County Jail and were not permitted or allowed to pay a fine as contemplated by Section 7224, C. G. L. We do not think there is merit to this contention, because the Judge of the County Judge's Court of Alachua County heard the evidence, observed the parties, and, after a verdict of guilty had been rendered, exercised his discretion in assessing punishment conferred by Section 7224 C. G. L., to imprisonment in the county jail not exceeding six months or by a fine not exceeding $300.00. It has not been made to appear that there was an abuse of discretion in the assessment of punishment.

It is next contended that the following judgment entered by the County Judge's Court is fatally defective, viz.:

"The defendants being now in open court and being asked by the Court if either of them had anything to say why the sentence of the law should not be pronounced upon them, said nothing sufficient:

"It is therefore the judgment, order and sentence of the Court that you, Cato Manning and Barto Manning, for the crime of which you now stand convicted, each be confined in the county jail for the term of six months at hard labor."

Our examination of the form of the judgment shows it to be fully sustained by the case of Mathis v. State, 67 Fla. 277, 64 So. 944, and also in Ellis v. State, 100 Fla. 27, 34, 129 So. 106, 109; 69 A. L. R. 783. See Anderson v. State, 109 Fla. 54, 146 So. 675, in which this Court said:

"In the present case the alleged judgment and sentence imposed reads as follows:

" 'State of Florida v. J. C. Anderson.

"Now on this day came in person the defendant, J. C. Anderson, into open court after being duly arraigned, entered his plea of guilty to robbery, the charge contained in the information filed herein against him. And being asked by the court whether or not he had anything to say why sentence of the law should not now be pronounced upon him, say nothing.

"It is therefore considered by the court that you, J. C. Anderson, for the crime of which you have been and stand convicted, do be imprisoned by confinement at hard labor in the State Prison for a period of ten (10) years.'

"While such a judgment entry may be fatally defective because it does not clearly adjudicate the defendant's guilt, nevertheless it does recite the fact that with the approval of the court the defendant *has been and stands convicted* of the described crime of robbery, the charge contained in the information filed herein against him. Such a recital to

the effect that the accused 'stands convicted' implies an adjudication of guilty (See *Ex parte* McDaniel, 86 Fla. 145, 97 Sou. Rep. 317) by way of inference, and though not sufficient to stand against reversal on writ of error in an inferential form, is none the less such a *form of attempted adjudication of guilty* as will support a writ of error, and is therefore not wholly void in its effect as a judgment."

It appears that the proceedings in the lower court were within the jurisdiction thereof and were according to the essential requirements of the law and that no substantial injury has resulted to the petitioners from the proceedings complained of. See American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 So. 740.

The writ of certiorari previously issued in this cause is hereby quashed. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in the opinion and judgment.

TERRELL, C. J., and THOMAS, J., not participating, as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.