EDDIE CANCELA, v. STATE OF FLORIDA.

2 So. (2nd) 859
Division A
Opinion Filed June 13, 1941

*Zewadski & Pierce,* for Petitioner;

*J. Tom Watson,* Attorney General, *Tiffany Turnbull,* Special Assistant Attorney General, *J. Rex Farrior,* States Attorney, for Respondent.

BUFORD, J.—We review on certiorari the judgment of the Circuit Court in and for Hillsborough County, Florida, entered pursuant to review on writ of error in that court to the judgment of the Criminal Court of record.

The judgment under review here is as follows:

"This cause coming on to be heard upon the transcript of the record and assignment of errors, and it appearing to the Court that the Bill of Exceptions was not presented and settled until after two terms of the trial court had elapsed, and that no order was made extending the time for the settling of the Bill of Exceptions, the Bill of Exceptions in this cause is hereby stricken by the Court of its own motion. No reversible error appears by the record and the Court so finds. The record discloses that there was no adjudication of the defendant's guilt; therefore, there is no judgment of conviction upon which to base the sentence; therefore, the same is hereby reversed and the cause remanded for a proper judgment; it is also ordered each of the parties hereto pay his or its own costs."

The contention of the petitioner is presented by the question in brief as follows:

"First Question: Where the record upon appeal in a Criminal Case shows no judgment of conviction entered by the trial court, does the appellate court have jurisdiction to determine the merits of the appeal?"

Petitioner relies on Mathis v. State, 67 Fla. 277, 64 Sou. 944, in support of his contention that there was no final judgment in the Criminal Court of Record to which writ of error would lie and that, therefore, the Circuit Court was without jurisdiction to review the proceedings of the trial and conviction in the Criminal Court of Record. The judgment entered in the Criminal Court of Record is as follows:

"Now on this day came in person the defendant, Eddie Gonzalez, alias Eddie Cancela, and being asked by the Court whether he had anything to say why the sentence of the law should not now be pronounced upon him, says nothing;

"It is, therefore, the Judgment, Order and Sentence of the Court that you, Eddie Gonzalez, alias Eddie Cancela, for the crime of which you have been and stand convicted, be confined in the county jail at hard labor for a period of three (3) years and six (6) months on the first count of the information;

"It is, therefore, the Judgment, Order and Sentence of the Court that you, Eddie Gonzalez, alias Eddie Cancela, for the crime of which you have been and stand convicted, be confined in the county jail at hard labor for a period of three (3) years and six (6) months on the second count of the information.

"Sentence on the second count of the information to run concurrently with sentence on the first count of the information."

This case is ruled by the opinion and judgment in the case of Manning *et al.* v. State, 135 Fla. 882, 185 Sou. 849, which is amply supported by the Statement of this Court in the case of Anderson v. Chapman, 109 Fla. 54, 146 Sou. 675, in which we said:

"In the present case the alleged judgment and sentence imposed reads as follows:

" 'State of Florida v. J. C. Anderson.

Now on this day came in person the defendant, J. C. Anderson, into open court after being duly arraigned entered his plea of guilty to robbery, the charge contained in the information filed herein against him. And being asked by the court whether or not he had anything to say why sentence of the law should not now be pronounced upon him, say nothing.' "

" 'It is, therefore, considered by the court that you, J. C. Anderson, for the crime of which you have been and stand convicted, do be imprisoned by confinement at hard labor in the State Prison for a period of ten (10) years.' "

"While such a judgment entry may be fatally defective because it does not clearly adjudicate the defendant's guilt, nevertheless, it does recite the fact that with the approval of the court the defendant *has been and stands convicted* of the described crime of robbery, the charge contained in the information filed against him. Such a recital to the effect that the accused 'stands convicted' implies an adjudication of guilt, (See *Ex Parte* McDaniel, 86 Fla. 145, 97 Sou. Rep. 317) by way of inference, and though not sufficient to stand against reversal on writ of error in an inferential form, is none the less such a *form of attempted adjudication of guilt* as will support a writ

of error, and is therefore not wholly void in its effect as a judgment."

In the case of Harris v. State, 75 Fla. 527, 78 Sou. 526, this Court had practically the same conditions before it as were presented to the Circuit Court in the instant case and in that case we reviewed the record and held that the record was sufficient to sustain a judgment of conviction but that the judgment was insufficient and, therefore, we remanded the cause with instructions that the lower court enter a proper verdict.

In the case of Burns v. State, 97 Fla. 232, 120 Sou. 360, we said:

"In this case we find no reversible error revealed by the record to have occurred during the progress of the trial of the cause, but the record discloses that there was no adjudication of defendant's guilt. Therefore, there was no judgment of conviction upon which to base a sentence of imprisonment or otherwise. Aside from this, we deem the language used in imposing the sentence inadequate. See Harris v. State, 75 Fla. 527, 78 So. R. 526; Timmons v. State, filed January 18, 1929, reported 119 So. R. 363; Mathis et al. v. State 67 Fla. 277, 64 So. R. 944."

"Reversed and remanded for a proper judgment."

In Perkins v. State, 126 Fla. 707, 171 Sou. 655, the record was considered and though the judgment was held ineffective as a judgment of the defendant's guilt of the crime charged, the judgment was reversed and the cause remanded for further proceedings, which meant that it was remanded for the entry of a proper judgment on the verdict.

Aside from all this, it appears that Petitioner, plaintiff in error in the court below, took his writ

of error not challenging the form of the judgment, but challenging the sufficiency of the record to support the conviction and when the appellate court adjudged that there was no error in the trial and conviction but that finality was lacking by reason of the inadequacy of the judgment, the plaintiff in error there now contends that the court departed from the essential requirements of the law in assuming to exercise jurisdiction. Of course, we recognize it to be true that jurisdiction cannot be conferred by waiver or consent. It is, however, a well recognized rule that error must be harmful to warrant relief, and no harmful error is shown to exist in the instant case, if any error at all was committed.

The defendant in the court below, Petitioner here, received every advantage which he was entitled to receive under the showing made in the record. Had the court below quashed the writ of error, the defendant could have then sued out another writ of error on a valid judgment entered; or, he could have applied for habeas corpus because of the infirmity of the judgment with the result that he should have been remanded to the Criminal Court of Record to receive proper judgment and sentence.

For the reasons stated, the writ of certiorari is quashed.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.