PEOPLE *v.* MARGOLIS.

INTOXICATING LIQUOR—CRIMINAL LAW—SEARCHES AND SEIZURES—CONSTITUTIONAL LAW.

> The search and seizure of liquor in the private portions of defendant's hotel by police officers without a search warrant was unlawful, and the liquor so seized was not admissible in evidence in defendant's trial for violation of the liquor law.

Error to recorder's court of Detroit; Keidan (Harry B.), J. Submitted October 12, 1922. (Docket No. 156.) Decided November 2, 1922.

Sam Margolis was convicted of violating the liquor

On the question of constitutional guaranties against unreasonable searches and seizures as applied to search for and seizure of intoxicating liquor, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316.

law, and sentenced to pay a fine of $1,000 and to imprisonment for 3 months in the Detroit house of correction.     Reversed, and defendant discharged.

*McClear, Stein & Sarbaugh (J. Richard Newman,* of counsel), for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Harry S. Toy,* Assistant Prosecuting Attorney, for the people.

FELLOWS, C. J.     On the night of May 28, 1921, officers entered the premises claimed to have been then operated by defendant at 6700-6704 Dix avenue in the city of Detroit, known as the Garvey hotel, and sometimes spoken of in the record as the Stockyards hotel. They entered the bar-room and found a tall man at the end of the bar.     In a dining room across the hall were several people with glasses containing fluid in front of them.     Some of them threw the contents of the glasses on the floor when the officers entered. When the officers entered, the man at the bar went to the basement and it is to be inferred that he shut off the connection between the taps at the bar and the supply in the basement.     The officers made a search of the premises and established the connection between the kegs in the ice box found in the basement and the taps at the bar and then drew out 3 bottles of beer.     They also in their search secured about 7 ounces of whisky.     All this was done without any search warrant.     While there were some corroborating circumstances proven on the trial, the criminating evidence was the liquor obtained in the search without a warrant.     Before the trial application was made to the court to suppress the evidence obtained on such search without a warrant and objection was made to receiving it in evidence.     Rulings adverse to defendant's motion and objection present the sole questions for review.

In *People* v. *Marxhausen*, 204 Mich. 559 (3 A. L. R. 1505), this court pointed out that a reasonable and lawful search and seizure was provided for in the Constitution by means of a search warrant supported by oath or affirmation and that others were unreasonable and unlawful, and this court there said:

"With a clearness of vision our forefathers provided for a lawful search and seizure, one supported by oath or affirmation, describing the place to be searched and the person or things to be seized; and in the same section safeguarded the rights of the individual by inhibiting unreasonable and unlawful search. They provided an orderly manner for search and seizure and prohibited all others."

This was the announcement of no new rule. Mr. Justice CAMPBELL, speaking for the court in *Robison* v. *Miner and Haug*, 68 Mich. 549, stated the same idea in the following language:

"The Constitution expressly prohibits the issue of warrants of search or seizure of persons or property except on a sworn showing, which, it has always been held, must be of facts on personal knowledge such as would establish the legal probability of the cause of complaint. If the legislature could evade this by providing for seizures and searches without legal warrant, the provision would be useless."

In *Gouled* v. *United States*, 255 U. S. 298 (41 Sup. Ct. 261), it was said:

"Searches and seizures are as constitutional under the Amendment when made under valid search warrants as they are unconstitutional, because unreasonable, when made without them,—the permission of the Amendment has the same constitutional warrant as the prohibition has, and the definition of the former restrains the scope of the latter."

Numerous cases in this court have followed the rules laid down in the *Marxhausen Case*. I shall cite but two of them as they are particularly applicable

to the case before us. In *People* v. *Margelis,* 217 Mich. 423, the place searched was a soft drink establishment; in *People* v. *Foreman,* 218 Mich. 591, defendant's grip was searched in a hotel. In both cases the search was without a search warrant. In both cases such search was held to be illegal. In neither of the cases was the language used in the opinion *obiter dictum.* This court in a long line of decisions has recognized the constitutional right of the individual to be secure in his person, his house, his papers and his possessions from search except by search warrant based upon oath or affirmation describing the place to be searched, and the things to be seized. The Supreme Court of the United States has likewise upheld such constitutional right of the individual. In view of this fact I think we should follow the holdings of this court and of the court of last resort of the Nation rather than the holdings of courts of a few other States and those of some inferior Federal tribunals.

I think the conviction should be reversed and the defendant discharged.

WIEST and BIRD, JJ., concurred with FELLOWS, C. J.

STEERE, J. (*concurring*). Without subscribing to any intimations in the foregoing opinion not in accord with *People* v. *Case, ante,* 379, and *People* v. *DeCesare, ante,* 417, I concur in the result reached on the ground that the raid by officers without legal process upon private portions of the premises constituted an unlawful search and seizure.

McDONALD, CLARK, SHARPE, and MOORE, JJ., concurred with STEERE, J.