STATE OF FLORIDA ex rel. W. A. CROMWELL, *Plaintiff in Error*, v. B. A. BROWN, as Sheriff of St. Lucie County, Florida, *Defendant in Error*.

Division A.

Opinion filed July 18, 1929.

Petition for rehearing denied September 16, 1929.

*G. C. Durrance*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for Defendant in Error.

TERRELL, C. J.—In this case writ of error was taken to a final judgment of the Circuit Court in *habeas corpus* proceedings remanding the petitioner "for proper judgment and sentence of the County Court of St. Lucie County, Florida."

It is not contended by petitioner that the act under which he was convicted is invalid, that that trial court was without jurisdiction of the person or subject matter, or that the proceedings in the County Court of St. Lucie County prior to the judgment and sentence were illegal. It is merely contended in the main brief that the commitment was bad because predicated on an imperfect judgment. In his reply brief petitioner in addition charges that the information does not charge an offense against the laws of the State.

As to the sufficiency of the information in so far as the objection here made are concerned it is enough to say that such objection comes too late after a plea of guilty has been entered and the petitioner has subjected himself to the jurisdiction of the court. The legality of the commitment may be tested by *habeas corpus* but if found to be

illegal because of a bad judgment it is proper practice to remand the petitioner for correction of the judgment. Porter v. State, 62 Fla. 79, 56 So. R. 406; McDonald v. Smith, 68 Fla. 77, 66 So. R. 430; Faison v. Vestal, 71 Fla. 562, 71 So. R. 759; Simmons *ex parte*, 73 Fla. 998, 75 So. R. 542; Douglas v. Shackelford, 73 Fla. 889, 75 So. R. 203; Johnston v. State, 81 Fla. 783, 89 So. R. 114; State ex rel. Johnson v. Quigg, 83 Fla. 1, 90 So. R. 695; Blackwelder v. Morris, 89 Fla. 87, 103 So. R. 124; *Ex Parte* Browne, 93 Fla. 332, 111 So. R. 518.

The judgment below is, therefore, affirmed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.