STATE, *ex rel.* ALBERT R. HOUSE, v. NATHAN MAYO, as State Prison Custodian, and L. F. CHAPMAN, State Prison Superintendent.

164 So. 673.

Division B.

Opinion Filed December 14, 1935.

*E. L. Bryan,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondents.

BUFORD, J.—In this case Albert R. House was granted a writ of habeas corpus.

Return has been made and the record shows that the petitioner in Hillsborough County, Florida, on September 11,

1925, pleaded guilty to an information charging possession of burglarious tools and was sentenced to imprisonment in State Prison for a term of twenty years for that offense; that he was convicted of burglary and was sentenced to a term of ten years, to begin at the expiration of the first sentence; that he was convicted of burglary and grand larceny and receiving stolen property and was sentenced to State Prison for a term of twenty years, to begin and run from the expiration of the second sentence; that he was convicted of robbery and was sentenced to State Prison for a term of twenty years to begin at the expiration of the third sentence. In each instance the judgment and sentence was: "It is the judgment of the court and the sentence of the law that you, Albert House, be taken by the Sheriff, or his lawful deputy, to the State Prison of the State of Florida and be delivered to the principal keeper thereof, there to be confined in said State Prison at hard labor for a period," etc.

There was no adjudication of guilt. Therefore, there was no judgment entered upon the plea in the one case or the verdict of juries in the other cases.

It, therefore, follows that there is no judgment of a court of competent jurisdiction upon which the sentences imposed, or either of them, could be based.

This case is not on all-fours with the case of *Ex Parte* Simmons, 73 Fla. 998, 75 Sou. 542, although it is in some respects analogous to that case. This is more like the case of State, *ex rel*. Cromwell, v. Brown, 98 Fla. 181, 123 Sou. 571. The case is ruled, however, by the opinion and judgment in the case of Anderson v. Chapman, 109 Fla. 54, 146 Sou. 675, in which we said:

"Where sentence was imposed without any definite adjudication of petitioner's guilt, and he is being incarcerated

in State Prison, court should remand petitioner to court for proper resentence after entry of judgment adjudicating petitioner's guilt."

It, therefore, follows that the petitioner must be remanded to the custody of the Commissioner of Agriculture of the State of Florida, with directions that petitioner be delivered to the Sheriff of Hillsborough County to be taken before the Criminal Court of Record for a proper sentence, if any should be imposed.

It is so ordered.

Petitioner remanded with directions.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., disqualified.