ALBERT R. HOUSE v. STATE.

172 So. 734.
Division B.
No. 233.
Opinion Filed February 17, 1937.

146

*E. L. Bryan,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

WHITFIELD, P. J.—On a writ of habeas corpus issued in 1935 by this Court, the petitioner was remanded for a proper judgment of conviction and sentence to imprisonment. It was made to appear that upon an information charging a felony, and a plea of guilty, the trial court in 1925 rendered the following as a final judgment and sentence:

"It is the judgment of the court and the sentence of the law that you, Albert House, be taken by the sheriff or his lawful deputy to the State's Prison of the State of Florida, and be delivered to the principal keeper thereof, there to be confined in said State's Prison at hard labor for a period of," etc.

There was no adjudication of the guilt of the defendant, which rendered the judgment and sentence incomplete. See Mathis v. State, 67 Fla. 277, 64 So. 944; Chapman v. Parrish, 114 Fla. 612, 154 So. 334. Several other like sentences were similarly imposed in cases charging the defendant with felonies, the sentences to be served consecutively and not concurrently. The defendant was committed to the State Penitentiary under the above sentence. See State, *ex rel.* House, v. Mayo, 122 Fla. 23, 164 So. 673.

When the petitioner, Albert R. House, was taken before the trial court for a proper sentence under the remanding order of this Court in the habeas corpus proceeding, counsel for Albert R. House presented to the trial court a motion "to discharge him from custody," a motion in arrest of judgment, and a motion "to allow him to withdraw the plea of guilty at this time and enter a plea of not guilty," the last motion being upon grounds stating the plea of guilty was offered by defendant without advice of counsel and without knowledge of its consequences. The court overruled each motion. Testimony was taken under the last motion before it was overruled.

When the defendant was taken before the court for a proper judgment and sentence, the trial court rendered the following judgment February 22, 1936:

"Now on this day came in person the defendant, Albert House, and being asked by the court whether he had any-

thing to say why the sentence of the law should not now be pronounced upon him, says nothing.

"IT IS, THEREFORE, THE JUDGMENT, ORDER AND SENTENCE of the court, that you, Albert House, for the crime of which you have been and stand convicted, be imprisoned in the State Penitentiary of the State of Florida at hard labor for a period of ten (10) years, sentence to begin at the expiration of sentence No. 259."

A writ of error was taken by the defendant House to the above judgment and sentence of the trial court. Writs of error were likewise taken to other similar judgments and sentences against the defendant.

The final order in the habeas corpus proceeding in this Court remanding the petitioner, Albert House, "to be taken before the Criminal Court of Record for a proper sentence, if any should be imposed," gave to the Judge of the Criminal Court of Record an opportunity to render a proper judgment and sentence upon the plea of guilty entered where the period of the sentence originally imposed had not been served. Even if the plea of guilty was rendered under circumstances making the judgment on the plea illegal, the remedy would be by writ of error *coram nobis*. Nickels v. State, 86 Fla. 208, 98 So. 497, 502; 99 So. 121. The motions to discharge and for arrest of judgment were not admissible, the authority of the trial court being merely to render proper judgment and sentence. The habeas corpus proceedings attacked only the legality of the imprisonment under the incomplete judgment and sentence originally rendered by the trial court. The jurisdiction to render a complete judgment and sentence in the cause continued until the function was performed; and the usual general order entered by the trial court continuing to the succeeding term all matters not duly disposed of, included the incomplete

judgment and sentence. The remaining order in the habeas corpus proceeding caused the petitioner to be taken before the trial court for a proper judgment and sentence. See Wilcox v. Jacobs, 98 Fla. 183, 123 So. 573; Anderson v. Chapman, 109 Fla. 54, 146 So. 675; Ellis v. State, 100 Fla. 27, 129 So. 106.

When in a criminal prosecution the court, upon a verdict of guilty or upon a plea of guilty, imposes a sentence of imprisonment upon the defendant, without any express or implied adjudication of the guilt of the defendant predicated upon the verdict of guilty or plea of guilty, Anderson v. Chapman, 109 Fla. 54, 146 So. 675, such sentence as rendered in this case is not void, but is incomplete; and when, in habeas corpus proceedings, the defendant, claiming to be illegally imprisoned under the sentence, is remanded for a proper judgment of conviction and sentence, the final order remanding the defendant for a proper judgment and sentence, being upon habeas corpus and not upon direct writ of error to the judgment and sentence, does not reverse or nullify the sentence as imposed in the trial court, but merely requires the defendant to be taken before the trial court for a proper and complete judgment and sentence, in order to secure to the defendant the right to liberty unless his imprisonment is lawful under a proper judgment of conviction and sentence to imprisonment. The sentence imposed by the trial court not being a complete final judgment and sentence to imprisonment, the judicial power and duty to render a proper and complete judgment and sentence, continues until it is fully exercised; and the usual general orders made at the end of each term, continuing to the succeeding term all pending matters that have not been fully and finally disposed of at the end of a term, retains to the court its jurisdiction to enter at subsequent

terms complete final judgments and sentences where those entered are not complete and final as contemplated by the law conferring jurisdiction upon the courts.

The legality or propriety of a judgment and sentence to imprisonment may be reviewed and affirmed or reversed on writ of error; but a writ of habeas corpus lies to determine the validity of a restraint of liberty without directly affecting a judgment of conviction and sentence to imprisonment. The judgment and sentence is not controlled by habeas corpus, but the defendant may on habeas corpus be discharged if the judgment and sentence does not duly support the commitment to imprisonment.

Affirmed.

WHITFIELD, P. J., and ELLIS, TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., not participating because of illness.

BROWN, J. (concurring).—My view is that on account of the omission of the adjudication by the court of the defendant's guilt when the sentence was originally imposed, the case was and remained in fieri until judgment and sentence were lawfully imposed. Therefore, I think it was proper for the court to entertain, take testimony upon, and rule upon petitioner's motion to withdraw his plea of guilty and plead not guilty. This the court did, and denied the motion. I find no error in this ruling.