ALBERT R. HOUSE v. STATE.

177 So. 705.
Division B.
Opinion Filed December 18, 1937.

*E. L. Bryan,* for Petitioner;

No appearance *contra*.

BROWN, J.—This is a petition filed in this Court on August 4, 1937, by Albert R. House for leave to file an application in the Criminal Court of Record for Hillsborough County for a writ of error *coram nobis* to review the judgment of conviction rendered by that court. That this is the nature of the petition to this Court is shown by the affidavit attached thereto made and signed by the petitioner. Attached to the petition here is a copy of the application which the petitioner desires to interpose in the trial court for writ of error *coram nobis*. As a writ of error *coram nobis* can only be used by the court which rendered the judgment, application for such a writ could not be made to this Court, which only affirmed the judgment rendered. But as we have held in several cases, when the judgment of a trial court of this State is on writ of error affirmed by this Court, the judgment of the lower court becomes to such an extent the judgment also of this Court, that an application for a writ of error *coram nobis* should not be made to the trial court until the permission of this Court is first obtained to make such application.

The application or petition as made to this Court alleges that Albert R. House was informed against by the County Solicitor of Hillsborough County, Florida, upon three informations charging petitioner with robbery and the possession of burglarious tools; that thereafter petitioner entered pleas of guilty to each of said informations and the Judge of said Court sentenced petitioner to the State penitentiary for a total period of seventy years. This was in 1925. Thereafter during the year 1935 petitioner sued out a writ of habeas corpus in the Supreme Court of Florida, attacking the validity of the judgments, and was remanded by this Court to the Criminal Court of Record for entry of proper judgments of conviction and sentences of imprison-

ment. That petitioner was brought before said Criminal Court of Record and at that time filed three motions in said court, one for discharge, one in arrest of judgment and one to be allowed to withdraw his pleas of guilty and enter pleas of not guilty and go to trial; said motions being filed in each of said cases. The Judge of said court denied each of said motions, entered judgment against petitioner, and petitioner sued out writs of error to this Court, which were finally determined on February 17, 1937, the action of the court below in imposing a complete judgment and sentence in each of the three cases being affirmed. (See House v. State, 127 Fla. 145, 151; 172 So. 734, 736.)

The present petition further alleges that at the time the petitioner entered pleas of guilty in said cases in 1925 he was denied the benefit of counsel, after having employed and paid counsel to represent him; that he was brought before the court without any notice in advance of the time he would be brought before the court for arraignment and pleas; that he had employed and paid the Hon. George W. Bassett of St. Augustine to represent him in said case and when brought before the court for arraignment and pleas he requested an opportunity to notify his said attorney, which was denied him; that all the facts are set forth in a motion for granting writ of error *coram nobis,* to be submitted to the Judge of the Criminal Court of Record of Hillsborough County, if this Court permits it, a copy of which is sworn to and attached to the petition. The petitioner alleges that he is advised that if the facts set forth in the attached motion had been brought to the attention of the trial judge that petitioner would not have been allowed to enter pleas of guilty in said cases, and further that if he had gone to trial, which he would have done if apprised of his legal and constitutional rights, he would have been acquitted in each of said cases. He also alleges

that he has recently learned for the first time of three witnesses who would testify to material facts in his behalf, and that if the facts which said witnesses will testify to had been known to the court at the time, it would have caused the court to enter up an entirely different judgment. That none of these matters could at the time have been known to petitioner by the exercise of reasonable diligence; that he was confined in the county jail and under the circumstances he did exercise all reasonable diligence in an attempt to ascertain all matters of fact in relation to his case from the time of his arrest until the time of his last sentence.

In addition to the above allegations, there is contained in the attached copy of motion, which the defendant proposes to file in the trial court, some further allegations. One of them was that the evidence on which the informations against the defendant were based was obtained by an illegal search made by officers under an illegal search warrant. That there were others that were jointly charged with this defendant who pleaded not guilty and who were tried and convicted upon the evidence thus obtained by the illegal search warrant, and that upon writ of error sued out in their behalf to the Supreme Court, this Court held such evidence illegal and reversed the convictions of said co-defendants, who were thereafter discharged. See Gildrie, *et al.*, v. State, 94 Fla. 134, 113 So. 704. It is further alleged that this defendant, being without the benefit of counsel and being denied such benefit, was ignorant of the fact that said evidence was illegally obtained, and was ignorant of his legal rights when he entered said pleas of guilty. That before his arraignment he had requested time and opportunity to notify and secure the assistance of his said attorney, which request the court denied.

When this petitioner's case was before us on writ of

habeas corpus issued by this Court in 1935, this Court held the judgments incomplete and remanded the petitioner to be taken before the Criminal Court of Record for a proper judgment and sentence in each case, if any should be imposed, and on writs of error to the completed judgments and sentences rendered under the authority of such order of this Court, the judgments of the trial court were affirmed; but in the opinion rendered in that case by Mr. Presiding Justice WHITFIELD (House v. State, 127 Fla. 145-151, 172 So. 734, 736) it was said that:

"Even if the plea of guilty was entered under circumstances making the judgment on the plea illegal, the remedy would be by writ of error *coram nobis*. Nickels v. State, 86 Fla. 208, 98 So. 497, 502, 99 So. 121."

In the case of Lamb v. State, 91 Fla. 396, 107 So. 535, it was held that the function of a writ of error *coram nobis* is to bring the attention of the court to a specific fact or facts, then existing, but not shown by the record and *not known by the court or by the party or counsel* at the trial, and which could not have been learned of by the party or his counsel by the exercise of reasonable diligence, and being of such a vital nature that, if known to the court at the time, would have prevented the rendition and entry of the judgment assailed. It will be readily observed that the allegations of the petition now before us do not make out a case which measure up to this general principle. The petitioner alleged that he asked the court to allow him to notify his counsel when he was brought up for arraignment and the court denied the request. This may well have been reversible error, if true, if writ of error had been taken to the judgments of conviction, but it is not grounded for writ of error *coram nobis*. Nor is newly discovered evidence, going to the merits of the issue tried, a sufficient basis for the writ. Lamb v. State, *supra*.

The Supreme Court of the United States has held that the right of one charged with crime to be represented by counsel includes a fair opportunity to secure counsel of his own choice, and that he is as much entitled to the assistance of counsel in preparing his trial as at the trial itself; that if he is unable to employ counsel and unable to conduct his own defense, the court should in certain cases appoint counsel to defend him; and that a denial of these rights is contrary to the due process clause of the 14th Amendment to the Federal Constitution. See Powell v. State of Alabama, 287 U. S. 45, 77 L. Ed. 158. Of course, when construing the Constitution of the United States, it is the duty of this Court to follow the construction placed thereon by the Supreme Court of the United States. In the case of Nickels v. State, 86 Fla. 208, 98 So. 497, it was held that a sentence pronounced on a plea of guilty, which had been entered by the accused because of a well grounded apprehension of mob violence, which was not known to the court, could be set aside on writ of error *coram nobis*. It was said in that case that a plea of guilty should be entirely voluntary, by one competent to know the consequences, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance, and that when entered through intimidation, however slight, it is not binding on the defendant. It thus appears that, if the allegations of the petition are true, serious and reversible error was committed by the trial court, which could have been availed of on ordinary writ of error, but which cannot be made the basis of a writ of error *coram nobis,* as it is not made to appear that the trial court (and petitioner as well) was without knowledge of the facts complained of when the pleas of guilty and judgments thereon were entered.

It might also be observed that this petition does not show that the error complained of resulted in a miscarriage of

justice. It is nowhere alleged that the pleas of guilty entered by the petitioner were untrue; it is alleged merely that, in effect, no legal evidence of his guilt could have been produced by the State, and that, if put to trial, he would have been entitled to an acquittal. Nor is it alleged that the petitioner was in fact innocent of the crimes to which he pleaded guilty.

We therefore hold that the petition for leave to apply to the trial court for writ of error *coram nobis* should be denied.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.