## HOUSE v. MAYO.

### Civ. No. 709.

District Court, S. D. Florida, Jacksonville Division.

April 12, 1945.

Edgar W. Waybright, of Jacksonville, and Albert R. House, pro se, for petitioner.

Sumter Leitner, Asst. Atty. Gen., of Tallahassee, for respondent.

STRUM, District Judge.

Petitioner, Albert R. House, seeks release from the Florida State Prison, where he is confined by authority of a commit-

ment from the Criminal Court of Record for Hillsborough County, Florida. He claims that the judgment of conviction is void because he was denied his constitutional right to be heard by counsel when he entered his plea of guilty on which he was sentenced.

In 1925, petitioner pleaded guilty to four informations filed against him in the Criminal Court of Record for Hillsborough County, Florida, and was sentenced thereon, as follows:

No. 231. Burglary of Knight & Wall Co. —20 years
No. 233. Possession of burglary tools —10 years
No. 259. Burglary of Maas Bros. Store —20 years
No. 238. Robbery of Sutton (Hav-a-Tampa Payroll) —20 years

Ten years later, in 1936, the Supreme Court of Florida reversed the judgments in these cases because they did not contain a formal adjudication of guilt, and remanded the cases for proper sentence. House v. Mayo, 122 Fla. 23, 164 So. 673. See also House v. State, 127 Fla. 145, 172 So. 734; House v. State, 130 Fla. 400, 177 So. 705.

On February 22, 1936, the trial court re-sentenced petitioner, as follows:

No. 238.—Hav-a-Tampa case, 20 years, to run from September 11, 1925.
No. 259.—Maas Bros., 20 years, consecutive with No. 238.
No. 233.—Possession of burglary tools, 10 years, consecutive with No. 259.

No new sentence was imposed in No. 231, the Knight & Wall case, because in the interim the Supreme Court of Florida had held that the evidence therein was secured by an illegal search. Gildrie v. State, 94 Fla. 134, 113 So. 704.

Petitioner is now held under the commitments in Nos. 238, 259 and 233. It appears, however, that the sentence in No. 238 has expired.

Petitioner contends that having finished his sentence in No. 238, and the sentence in No. 259 being void, his sentence in No. 233 commenced to run at the expiration of No. 238, so that with time off for good behavior under the Florida statute, Sec. 954.06, Fla.Stat.1941, F.S.A., he has now also served out No. 233, sixteen years from

September 11, 1925 being sufficient to exhaust the sentences in Nos. 238 and 233, consequently he is now entitled to discharge. If, however, the sentence in No. 259 is valid, he still has seven years yet to serve. Having exhausted his remedies in the State courts, he turns to this Court to test the question by habeas corpus.

 In Florida it is held that the right of the accused in all criminal cases to be heard "by himself, or counsel, or both," as guaranteed by Sec. 11 of the Declaration of Rights of the Florida Constitution, is more than a mere right of the accused. It is a mandatory organic rule of procedure in all criminal prosecutions, and a requisite of a fair trial in that State. Deeb v. State, 131 Fla. 362, 179 So. 894; Christie v. State, 94 Fla. 469, 114 So. 450. This being the nature of the right conferred by the Florida Constitution, denial of such an organic right constitutes a denial of due process guaranteed by the Fourteenth Amendment, which may be redressed, in appropriate circumstances, in a Federal Court by habeas corpus. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572. Cf. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. ——; Tomkins v. Missouri, 323 U.S. 485, 65 S.Ct. 370; House v. State, 130 Fla. 400, 177 So. 705.

 Like other personal rights, however, this right may be waived or abandoned, provided it is done intelligently and understandingly. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, headnote 3; Walker v. Chitty, 9 Cir., 112 F.2d 79; Moses v. Hudspeth, 10 Cir., 129 F.2d 279; Hudspeth v. McDonald, 10 Cir., 120 F.2d 962; Odom v. Aderhold, 10 Cir., 115 F.2d 262. Whether there has been a competent and intelligent waiver depends upon the particular circumstances in each case, including the background, experience, and conduct of accused. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

We are not here concerned with whether or not petitioner was advised of his right to be represented by counsel. Admittedly, he had counsel employed by himself, through whom he had been heard in the previous cases, and therefore knew that he was entitled to counsel. The question is whether or not petitioner was denied the opportunity to have his counsel present when he was arraigned in the Maas Bros. case.

Petitioner contends that the Maas Bros. information (No. 259) was filed when he

was brought into Court for sentence in Nos. 231 and 233, to which he had previously pleaded guilty, and that he was required to enter a plea, in the absence of his counsel, on the same day the information in the Maas Bros. case was filed, although he requested time to secure the presence of his counsel who lived in a distant city. If this be true, petitioner was denied his constitutional right, which would render the judgment void.

In this habeas corpus proceeding, petitioner testified specifically that when the Maas Bros. information was filed against him he requested, but was denied, an opportunity to secure the presence of his counsel, this request being made to the presiding Judge, and to the prosecutor, and that he was required to plead thereto immediately. In this he is corroborated by the ex parte affidavit of a codefendant, who was himself convicted of some of these same offenses after trial, and who says he was present in Court and heard the request made.

The testimony of others present at the arraignment, however, is to the contrary. Honorable W. Raleigh Petteway, the State Court Judge before whom the pleas were taken, and who imposed the sentences, testified specifically and definitely that petitioner did not request counsel when he pleaded guilty and was sentenced, nor did he request further time in which to secure the presence of counsel, or to plead in No. 259. After hearing petitioner's testimony in this proceeding, the Judge resumed the witness stand and adhered to and reiterated his testimony that no such request was made to him or in his hearing.

Honorable R. E. L. Chaney, County Solicitor who prosecuted the cases, also testified that he was present in Court when petitioner pleaded guilty and was sentenced in No. 259; that he remembers the circumstances; and that no request was made by petitioner for further time to plead to the Maas Bros. indictment, nor to secure the presence of his counsel. He also testified that prior to September 11, 1925, when the plea was entered, he had talked to petitioner's attorney, Mr. George W. Bassett of St. Augustine, Florida, now dead, and discussed with him all pending charges against petitioner, and told him that an additional information would be filed against petitioner, charging him with the Maas Bros. robbery (No. 259). The Solicitor talked with Mr. Bassett about these cases

on several occasions. Mr. Bassett told the Solicitor that he (Bassett) would not be present at the Maas Bros. arraignment because petitioner intended to plead guilty, and there was no necessity for him to travel from St. Augustine to Tampa (about 175 miles) when petitioner intended to plead guilty. After hearing petitioner testify in this proceeding, the Solicitor resumed the stand and adhered to and reiterated his former testimony.

Petitioner's mother, Mrs. Brubaker, testified that she talked to Mr. Bassett after petitioner was sentenced, and asked him why he was not present in Court, and that Mr. Bassett told her that "they slipped petitioner into Court and induced him to plead guilty, and that he (Bassett) knew nothing about it."

One of the police officers who arrested petitioner in 1925, and a deputy sheriff, who were present at the arraignment in question, testified in this proceeding. The first, Joe Carter, was rather vague in his recollection. He said he remembered something being said about counsel, but did not know just what was said, nor what case was referred to, nor whether it was before or after petitioner pleaded guilty. He further testified that in the many years he had been in Court with Judge Petteway, he had never known him to deny counsel when it was requested.

Hastin Taylor, a deputy sheriff in 1925, was present in Court on September 11, 1925, when petitioner was arraigned on the Maas Bros. case. He testified that he heard some preliminary discussion about counsel; that he did not remember whether it was in the Court room, or out of the Court room, or whether Court was in session or not; that he did not remember just what was said; that whatever it was, the matter was satisfactorily settled before the case went before the Judge, and that he does not "believe" the matter was ever brought to the attention of the Judge or County Solicitor.

At the hearing on this writ, all these witnesses, including the petitioner, were heard before the Court in person. The witnesses confronted each other at the hearing, each witness hearing all the testimony. The testimony of the Judge and the County Solicitor is clear, definite, and convincing that no such request was made to them, nor in their presence. They would have no interest to serve by distorting the facts. The Court has known both of them for thirty years or more, and knows them to be citizens of in-

tegrity and probity. They were definite and emphatic in their testimony, and it is obvious that they were fairly and impartially stating the facts as they knew them to be. The Court believes their testimony to be true.

The city policeman and deputy sheriff are also citizens of good standing, who were obviously fair and impartial in their testimony, and who were endeavoring to tell the full truth as they remembered it. What they said, though vague in some respects, lends greater support to the State's case than to petitioner.

■■ On this collateral attack by habeas corpus, the judgment of a State Court carries with it a presumption of regularity. It is not lightly to be set aside. "Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel." Johnson v. Zerbst, supra [304 U.S. 458, 58 S.Ct. 1025]. The evidence for the petitioner does not sustain this burden.

Unlike the defendant in Johnson v. Zerbst, supra, this petitioner was not an inexperienced, untutored youth, in a strange part of the country, without friends or money. He was 29 years old, had gone through the fourth grade in school, and was thoroughly experienced in the ways of the world. He had worked in a bakery for ten or twelve years, he had been a telephone lineman, and had operated a farm, following which he had gone into the moonshine business during the prohibition era, manufacturing and transporting illicit liquor for several years. He was no stranger in Court, having been previously convicted of a liquor offense in Georgia. He had already pleaded guilty in the Florida Court to a burglary charge, and to a charge of possession of burglary tools, both with his own counsel present. He was then a fugitive from an armed robbery charge (Hav-a-Tampa Payroll case), and was then hiding out from an apprehended charge of murder of a policeman, of which he says he was not guilty,

nor had any connection therewith, but nevertheless he was absenting himself from the locality in which the policeman was murdered, fearing that he might be charged with the murder. He was no stranger around Tampa, where these offenses were committed, having frequently been there before. He had employed counsel, and had paid him $1,500. This counsel had previously been with him in Court, though not with him in the month of October, 1925, when he pleaded guilty in the Hav-a-Tampa Payroll case. Petitioner was undoubtedly sufficiently familiar with the situation to enter a plea of not guilty and demand a trial, with his counsel present, if that was what he desired. Instead, he pleaded guilty. Petitioner testified in a previous state court proceeding on these questions that he pleaded guilty in all these cases in order to make things the lighter for his codefendants.

■ Having seen and heard all the witnesses as they testified upon the stand in the presence of each other, and having weighed and considered their testimony, the Court finds that no request for counsel was made by petitioner, either to the Judge, the County Solicitor, or any one else in authority when petitioner was arraigned in the Maas Bros. case, No. 259, in open Court on September 11, 1925, and that having made no such request in the circumstances here involved; and considering the age, experience, and background of the petitioner, that he competently and intelligently waived the presence of his counsel. The Court believes that if petitioner had made any such request to the Judge or to the County Solicitor, such request would have been granted. Although it appears that petitioner pleaded guilty to the Maas Bros. indictment on the same day it was filed, it does not appear that any advantage was taken of him in the situation. This appears to be one of a series of robberies in which petitioner was involved. Besides the Maas Bros. case, he had theretofore pleaded guilty in two other cases, with his counsel present, and about two weeks later again pleaded guilty in the fourth case, the Hav-a-Tampa Payroll case, the latter plea being entered in the absence of his counsel.

Writ dismissed and petitioner remanded.