**HOUSE v. MAYO, Custodian Florida State Prison.**

**Civil Action No. 1496–J.**

United States District Court
S. D. Florida, Jacksonville Division.

Dec. 9, 1948.

On Motion for Rehearing Dec. 17, 1948.

See also, D.C., 63 F.Supp. 169.

House, for himself, as petitioner.

Reeves Bowen, Asst. Atty. Gen., for respondent.

DE VANE, District Judge.

Petitioner, Albert House, seeks release from the Florida State Prison where he is confined by authority of a commitment from the Criminal Court of Record of Hillsborough County, Florida. He claims that the judgment of conviction is void because he had already served the sentence prior to its imposition. He also claims double jeopardy in that the information charged him with the possession of burglary tools while in another information (Case 259) he was convicted of burglary.

In 1925 petitioner pleaded guilty to four Informations filed against him in the Criminal Court of Record of Hillsborough County and on September 11, 1925, was sentenced as follows:

Case No. 231—Burglary of Knight & Wall Company—20 years.

Case No. 233—Possession of burglary tools—10 years.

Case No. 259—Burglary of Maas Brothers Store—20 years.

Case No. 238—Robbery of Sutton (Hava-tampa payroll)—20 years.

These sentences were all to run consecutively in the order named.

In Case No. 231 three other persons were named in the Information along with petitioner for the offense therein charged. Petitioner and one of the other defendants entered pleas of guilty to this Information. Two of the defendants entered pleas of not guilty and were tried and convicted. On Appeal to the Supreme Court of Florida their convictions were set aside on the ground that the evidence used by the State in their case had been obtained as the result of an illegal search and seizure. Gildrie et al. v. State, 94 Fla. 134, 113 So. 704. This case was decided July 9, 1927.

In 1935 House brought an original proceeding in habeas corpus in the Supreme Court of Florida attacking the sentences imposed in all four cases named above. The Supreme Court held in this habeas corpus case that the trial Judge had failed to adjudicate the defendant guilty upon his pleas of guilty to each of the four Informations and set the sentences aside and remanded defendant to the Sheriff of Hillsborough County, Florida, to be taken before the Judge of the Criminal Court of Record of that County for proper adjudication and sentencing. In compliance with this mandate petitioner was taken before the Judge of said Court for adjudication and sentencing on February 22, 1936.

Evidently in view of the decision of the Supreme Court of Florida in Gildrie et al. v. State, supra, the Judge of the Criminal Court of Record of Hillsborough County, Florida, imposed no sentence upon House for the offense charged in Case No. 231, but sentenced him on the remaining three cases, as follows:

Case No. 238—Hav-a-tampa Case—20 years to run from September 11, 1925.

Case No. 259—Maas Brothers Store Case —20 years to run consecutively with Case No. 238.

Case No. 233—Possession of burglary tools—10 years to run consecutively with Case No. 259.

House took an appeal from the imposition of sentences in each of these cases and the Supreme Court of Florida, in House v. State, 127 Fla. 145, 172 So. 734, affirmed the judgments of the lower court. This decision was rendered on February 17, 1937.

On August 4, 1937, House filed in the Supreme Court of Florida a petition for leave to file an application in the Criminal Court of Record of Hillsborough County, Florida, for writs of error coram nobis to review the judgments of conviction rendered by that court in all three cases named above on which he was sentenced February 22, 1936. In this petition House alleged that at the time he entered pleas of guilty in all of said cases, in 1925, he was denied benefit of counsel after having employed and paid counsel to represent him; that he was brought before the court without any advance notice of the time he would be brought up for arraignment and pleas and that when he was brought up for such arraignment and pleas he requested an opportunity to notify his counsel, which was denied him. He also sought to have the judgments set aside on the ground of newly discovered evidence, which, he alleged, was not in his possession at the time of his trial and which he was unable to discover before the trial for the reason he was confined in the County Jail. The court denied the petition for leave to file an application for writs of error coram nobis in the several cases on the ground that the matters set forth therein should have been raised on the Appeal and not in the manner sought by petitioner in said petition filed with the court in that case. See House v. State, 130 Fla. 400, 177 So. 705.

Subsequently, in 1945, House filed in this court a petition for writ of habeas corpus seeking his release from the Florida State Prison on the ground that the sentence imposed upon him in Case No. 259 was illegal because he was not allowed counsel to represent him in that case. He alleged in his petition that this sentence being illegal he had completed the sentences imposed upon him in Case No. 238 and 233 of twenty and ten years, respectively. Under date of April 12, 1945, this court denied said petition on the ground that the sentence imposed in Case No. 259 was valid for the reason that House, who had been represented by counsel in all the other cases, had waived the presence of his counsel on the date he entered his plea of guilty to the Information filed in this case. House v. Mayo, D.C., 63 F.Supp. 169.

666

Having now completed the sentences imposed upon him in Cases Nos. 238 and 259 House seeks his release from the Florida State Prison on the ground that the sentence imposed in Case No. 233 was imposed more than ten years after his committal to the Florida State Prison and that he had already completed the service of this sentence when he was resentenced on February 22, 1936. This contention is based upon the fact that when the sentences were first imposed sentence in Case No. 233 was to run consecutively with sentence imposed in Case No. 231 and the sentence imposed in Case No. 231 having been set aside as illegal and not reimposed the court had no authority to resentence him in Case No. 233. In House v. State, 127 Fla. 145, 172 So. 734, the Supreme Court of Florida passed upon the legality of this sentence and the other sentences imposed when he was brought before the Judge of the Criminal Court of Record for adjudication of guilt and resentencing on February 22, 1936, and under authority of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 817, 114 A.L.R. 1487, the decision of the Supreme Court of Florida, on the legality of the sentence questioned in this case, is binding upon this court. Moreover, the Supreme Court in this case explicitly states the law applicable in cases where sentences are imposed without an expressed or implied adjudication of guilt of a defendant predicated upon a verdict of guilty or a plea of guilty. When petitioner was returned to the Sheriff of Hillsborough County, Florida to be brought before the Judge of the Criminal Court of Record of that County for adjudication and resentencing, he appeared, in so far as the adjudications of guilt and sentences were concerned, as though he had never been brought before the court for such adjudications and sentences and the court was free to select the order in which the sentences imposed in the three cases would run. Petitioner received full allowance for the time he had served in the new sentence imposed in Case No. 238. He has no legal right to claim it twice.

As to the further ground of double jeopardy claimed by the petitioner— that he could not be convicted of burglary in one case and the possession of burglary tools in another case—it is only necessary to point out that the two offenses were charged in two different Informations. There is no showing made that the burglary tools were seized at the time of the burglary of Maas Brothers Store and that the defendant was apprehended in the act of committing the burglary of the Maas Brothers Store with the burglary tools in his possession. For the lesser offense to be swallowed up by the greater offense it is necessary that the lesser offense constitute a part of the greater offense and that they be covered in the same Information, or that the record disclose that the burglary tools were seized by the arresting officer while they were being used in committing the Maas Brothers Store burglary. There is no such showing in this case.

The relief sought will be denied.

On Motion for Rehearing and Reconsideration.

Under date of December 9, 1948, this court filed a Memorandum Decision, on the petition for writ of habeas corpus, finding that petitioner was not entitled to the Writ and on the same day entered an order denying said Petition.

In passing upon the question of double jeopardy raised in the petition, the court inadvertently connected Case No. 259— burglary of Maas Brothers Store—with Case No. 233—possession of burglary tools. Petitioner has filed a motion for rehearing and reconsideration in which he alleges that Case No. 233 has no connection with Case No. 259, but does have a connection with Case No. 231—burglary of Knight & Wall Company. In the latter case no sentence was imposed, on the ground that the evidence was secured by an illegal search warrant. Petitioner asserts in his motion for rehearing and reconsideration that in his petition for writ of habeas corpus he raised the question of the illegality of the sentence imposed in Case No. 233, on the ground that the burglary tools involved in that case were seized under the same illegal search warrant.

Upon a re-examination of the petition for writ of habeas corpus the court finds and holds that this question was not

before the court on the petition, nor can it be brought before the court at this time by an amendment to said petition, for reasons which the court will now state.

In his motion for rehearing and reconsideration, petitioner alleges that the sentence imposed on him in Case No. 259— burglary of Maas Brothers Store—and No. 238—robbery of Sutton (Hav-a-Tampa payroll)—expired September 21, 1948. Therefore, any petition for writ of habeas corpus in Case No. 233 would have been premature prior to this date. See, Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779.

The Petition does not disclose that petitioner had exhausted his State remedies upon this issue before coming into this court, which he must do before this court has the authority to consider and pass upon the question. Comity between State and Federal courts imposes upon this court the duty to require State prisoners to exhaust their State remedies before coming into this court in cases and upon issues of this character. Ex parte Hawk, 321 U. S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

The motion alleges that the question of the legality of the sentence imposed in Case No. 233 was considered and passed upon by the Supreme Court of Florida in House v. State, 127 Fla. 145, 172 So. 734. An examination of the decision of the Supreme Court of Florida in that case fails to disclose that this specific question was raised. It was not passed upon. Moreover, had it been raised, but not specifically ruled upon by the court, it would not now be res judicata in a habeas corpus proceeding in a State court.

This court has already decided against petitioner on all questions it considers properly raised by the petition for writ of habeas corpus and has, heretofore, entered an order denying the petition. Since this court is unable to consider the new question raised by the motion for rehearing and reconsideration until this question has been adjudicated by the State courts, there appears to be no necessity for entering A new order denying the petition, and that an order denying the motion for rehearing and reconsideration should suffice. This is done without prejudice to the fight of the petitioner to bring the question raised by the motion to this court, after he has exhausted his remedies in the State courts, should the occasion then arise and legal grounds exist therefor.

An order will be entered denying said motion for rehearing and reconsideration.