834 So.2d 347 (2003)
Kathleen A. KEARNEY, Secretary, Department of Children And Families, and the State of Florida, Appellants,
v.
Tom BARKER, Appellee.
No. 4D01-4524.
District Court of Appeal of Florida, Fourth District.
January 8, 2003.
Charlie Crist, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, and Richard L. Polin, Senior Assistant Attorney General, Miami, for appellant State of Florida.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The State appeals the trial court's order granting habeas corpus from disciplinary *348 segregation imposed on Tom Barker while he was being held by the State waiting for a Jimmy Ryce Act hearing.
The incidents leading to disciplinary segregation occurred while Barker was a ward of the Department of Children and Families and a resident of South Bay Facility, a facility which houses those waiting for Jimmy Ryce commitment proceedings. Wackenhut Corrections Company managed the facility. Wackenhut employees created a "Detainee Handbook" which detailed rules and operating procedures. Each resident received a copy upon entering the facility. The rule book stated, "Any act that is perceived as aggressive, hostile and threatening to any person will result in immediate room restriction status." Room restriction, as detailed in the handbook, had no maximum length of confinement, no provisions for notice or hearing, and no guidelines for the duration of confinement in proportion to the severity of the offense. Wackenhut guards working at the facility testified that the duration of room restriction "depends on the situation how bad it was. It's the officer's perception is all we have to go on."
Barker was placed on room restriction on and off, each time immediately following a verbal altercation with a guard. The trial court granted Barker's habeas corpus petition from his room restriction, but withheld issuance of the writ because Barker was off room restriction by the time that the court made its decision. We affirm.
Relatively lengthy pre-trial stays in holding centers have become an unintended by-product of the Jimmy Ryce Act. See State v. Goode, 830 So.2d 817 (Fla.2002). These individuals are in limbo, having finished any time served for criminal convictions and not yet committed under the Ryce Act.
We conclude that the position of pre-trial Ryce detainees is most similar to pre-trial criminal detainees. They, too, have not had a final court determination of their status. Thus, we do not find the law governing Baker Act commitments determinative because, again, Barker was not yet committed to an institution.
In Bell v. Wolfish, the United States Supreme Court decided that the standard for unconstitutionality as applied to conditions for criminal pre-trial detainees is whether such conditions or restrictions amount to punishment. 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). However, the Court recognized that jail officials have an important interest in maintaining jail security, and that restraints reasonably related to maintaining jail security do not, without more, amount to unconstitutional punishment. Id. at 541, 99 S.Ct. 1861.
The Seventh Circuit, likewise, recognized that analysis of such appeals should balance the jail's interest in security and the detainee's interest in having as much personal freedom as possible. In Higgs v. Carver, the pre-trial detainee was placed in "lockdown segregation," a type of solitary confinement, for 34 days without notice and an opportunity to be heard. 286 F.3d 437 (7th Cir.2002). The court reversed for the trial court to determine if the segregation was punitive, noting, "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." Id.
In the instant case, the trial court, as fact finder, implicitly ruled that Barker's due process rights were violated because the room restriction was a punishment for a disciplinary infraction without proper notice and an opportunity to be heard. Moreover, we acknowledge the trial court's granting of the writ of habeas corpus was *349 an implicit finding that room restriction was not a managerial decision to maintain facility security. Therefore, under Higgs and Bell, we affirm the trial court's granting of habeas corpus.
POLEN, C.J., GUNTHER and HAZOURI, JJ., concur.