DAVIS, Judge.
 

 Joseph W. Finfrock challenges the trial court’s order dismissing his emergency pe
 
 *984
 
 tition for writ of habeas corpus. We reverse.
 

 Finfrock is a detainee of the Florida Civil Commitment Center (FCCC) and is awaiting involuntary civil commitment proceedings pursuant to sections 394.910-.932, Florida Statutes (2009), formerly referred to as the Jimmy Ryce Act.
 
 [1]
 
 In his Emergency Petition for Writ of Habeas Corpus Relief, he alleged that he “is being illegally detained in F Unit as Punishment” and stated that he was “[s]eeking a hearing before this Court to gain his immediate release from ... his unlawful detention therein.” Finfrock also recounted several bad experiences that he alleges he has endured at the hands of the FCCC staff. Relevant to his petition, he alleged that a staff member, after observing pornography on the computer that Finfrock was using, forcefully removed his zip drive from the computer. According to Fin-frock, he grabbed the zip drive from the staff member’s hand in order to check whether it had been damaged, when security personnel forcefully removed him from the computer lab and told him to stop resisting even though he was not resisting. Finfrock further alleged in his petition that during the episode his face was pushed into a wall by security personnel and that he ultimately was placed in confinement as a punishment for this episode.
 

 The trial court dismissed Finfrock’s petition without hearing, stating that it was “facially insufficient in that [it] did not state a sufficient claim for relief.” We do not agree.
 

 In
 
 Kearney v. Barker,
 
 834 So.2d 347, 348 (Fla. 4th DCA 2003), the Fourth District “conclude[d] that the position of pretrial Ryce detainees is most similar to pretrial criminal detainees.” In that case, the appellee had filed a petition for writ of habeas corpus in the circuit court seeking release from his “room restriction” status at the facility where he was being held pending Ryce Act proceedings. The trial court had granted the petition, and the State had appealed. The Fourth District applied the following analysis in affirming the trial court’s granting of the petition:
 

 In
 
 Bell v. Wolfish,
 
 the United States Supreme Court decided that the standard for unconstitutionality as applied to conditions for criminal pre-trial detainees is whether such conditions or restrictions amount to punishment. 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). However, the court recognized that jail officials have an important interest in maintaining jail security, and that restraints reasonably related to maintaining jail security do not, without more, amount to unconstitutional punishment.
 
 Id.
 
 at 541.
 

 The Seventh Circuit, likewise, recognized that analysis of such appeals should balance the jail’s interest in security and the detainee’s interest in having as much personal freedom as possible. In
 
 Higgs v. Carver,
 
 the pre-trial detainee was placed in “lockdown segregation,” a type of solitary confinement, for 34 days without notice and an opportunity to be heard. 286 F.3d 437 (7th Cir. 2002). The court reversed for the trial court to determine if the segregation was punitive, noting, “A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less.”
 
 Id.
 

 
 *985
 
 In the instant case, the trial court, as fact finder, implicitly ruled that Barker’s due process rights were violated because the room restriction was a punishment for a disciplinary infraction without proper notice and an opportunity to be heard. Moreover, we acknowledge the trial court’s granting of the writ of habe-as corpus was an implicit finding that room restriction was not a managerial decision to maintain facility security.
 

 834 So.2d at 348-49 (cross-references omitted).
 

 Here, Finfroek alleged in his ha-beas petition below that he had been removed from his regular room at FCCC and was being held in restrictive confinement. He further alleged that such confinement was punishment for the computer lab episode and that it violated his constitutional rights.
 
 [2]
 
 Pursuant to
 
 Kearney,
 
 834 So.2d 347, this amounts to a facially sufficient claim.
 

 As such, the trial court erred in dismissing it. We therefore reverse the trial court’s order dismissing Finfrock’s petition and remand for the trial court to address the petition on its merits.
 

 Reversed and remanded.
 

 WALLACE and MORRIS, JJ., concur.
 

 [1]
 

 . "In Chapter 99-222, Section 1, Laws of Florida, the Legislature removed reference to ‘Jimmy Ryce' in the title of the act.”
 
 In re Fla. R. Civ. P. for Involuntary Commitment of Sexually Violent Predators,
 
 13 So.3d 1025, 1025 n. 1 (Fla.2009). We note, however, that the case we rely on in our analysis here references the former title.
 

 [2]
 

 . We note that Finfroek falls short of actually pleading that he has exhausted his administrative remedies below, instead alleging that "the facility is supposed to conduct a hearing on the conduct report within ‘5 working days' and usually don’t [sic] until 12 to 14 days after the incident, if not longer in some cases.” Such failure, however, does not render Finfrock’s petition facially insufficient.
 
 See Santana v. Henry,
 
 12 So.3d 843, 847 (Fla. 1st DCA 2009) (reversing dismissal of habeas petition for failure to exhaust administrative remedies and noting that " ‘[w]hen an agency acts
 
 without colorable statutory authority
 
 that is clearly in excess of its delegated powers, a party is not required to exhaust administrative remedies before seeking judicial relief’ " (quoting
 
 Dep’t of Envtl. Regulation v. Falls Chase Special Taxing Dist.,
 
 424 So.2d 787, 796 (Fla. 1st DCA 1982))).