CASANUEVA, Judge.
Donald McKee, an involuntarily committed sexually violent offender, is presently in the custody of appellee, Esther Jacobo, as Interim Secretary of the Department of Children & Family Services (DCF). He is *858 being held at the Florida Civil Commitment Center, which is operated by a private enterprise under the auspices of DCF. Having a myriad of complaints pertaining to both the quality and quantity of the rehabilitative services and treatment that the for-profit operator of the facility provides him and others similarly detained, he filed a petition seeking the issuance of a writ of habeas corpus pursuant to section 394.9215, Florida Statutes (2011).[1] The circuit court concluded that a habeas petition was not the proper vehicle for Mr. McKee to seek relief because he was not requesting release from confinement. Instead, the circuit court deemed his petition as one seeking a writ of mandamus and summarily denied it as not having a clear legal right to the relief requested. Mr. McKee appealed that summary denial. We reverse.
By the plain language of the statute in its title and elsewhere, a habeas petition is the proper method to seek the type of relief Mr. McKee sought. In Curry v. Hadi, 903 So.2d 242, 243 (Fla. 2d DCA 2005), this court held:
[T]he trial court erred in its interpretation of section 394.9215 as a limitation on the general habeas corpus rights of detainees [and construing] section 394.9215 as an attempt by the legislature to limit the rights of ... detainees to invoke the writ of habeas corpus.... [W]e construe that statute to simply specify the procedural mechanism for detainees to use when challenging certain issues relating to their confinement.
See also Finfrock v. Fla. Civil Commitment Ctr., 28 So.3d 983, 984 (Fla. 2d DCA 2010) (reversing the trial court which dismissed the petition without a hearing because it was “facially insufficient in that [it] did not state a sufficient claim for relief’). It was therefore error for the circuit court to deem Mr. McKee’s petition as one seeking mandamus.
Having been properly filed as a petition for habeas, it must be reviewed for facial sufficiency. And although the circuit court did not reach this step, our review of the petition leads to a conclusion that the first of Mr. McKee’s allegations is facially sufficient so as to require a response from DCF.[2] See § 394.9215(l)(b).[3] Mr. McKee *859 claims that the quality and quantity of rehabilitative services he has access to fall below constitutionally acceptable standards. See Youngberg v. Romeo, 457 U.S. 307, 316-18, 323, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (holding that involuntarily committed persons retain their constitutionally protected liberty interest that requires the State to provide “minimally adequate” treatment in an effort to return them to society or to “ensure safety and freedom from undue restraint,” if they were so amenable).[4]
Accordingly, we reverse the circuit court’s order denying Mr. McKee’s petition for a writ of habeas corpus and remand with directions to the circuit court to require a response to the petition from DCF. Further proceedings shall be held in accordance with the procedures outlined in part V of chapter 394.
Reversed and remanded with directions.
SILBERMAN and VILLANTI, JJ., Concur.

. Section 394.9215, titled “Right to habeas corpus,” provides in subsection (l)(a):
At any time after exhausting all administrative remedies, a person held in a secure facility under this part may file a petition for habeas corpus in the circuit court for the county in which the facility is located alleging that:
1. The person’s conditions of confinement violate a statutory right under state law or a constitutional right under the State Constitution or the United States Constitution; or
2. The facility in which the person is confined is not an appropriate secure facility, as that term is used in s. 394.915.
Mr. McKee’s petition focuses on the first proviso and makes no allegation that the facility where he is confined is not appropriate for him.

. The second of Mr. McKee’s allegations is that the for-profit operator’s own psychologists have a conflict of interest when they prepare his annual psychological evaluation because the operator has a profit motive for keeping him and other detainees committed for as long as possible. We conclude that such an allegation is not cognizable in a petition for habeas corpus under section 394.9215 because it does not relate to a condition of his confinement. Mr. McKee does not have a statutory or constitutional right to preclude the director of his facility from employing a particular psychologist or psychiatrist to prepare his annual evaluation. However, he does have the right to an independent evaluator. See § 394.918(1) ("A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court’s discretion. The person may retain or, if the person is indigent and so requests, the court may appoint, a qualified professional to examine the person.”). As such, the circuit court did *859 not err in summarily denying this portion of Mr. McKee’s petition.

. Section 394.9215(l)(b) provides:
Upon filing a legally sufficient petition stating a prima facie case under paragraph (a), the court may direct the Department of Children and Family Services to file a response. If necessary, the court may conduct an evidentiary proceeding and issue an order to correct a violation of state or federal rights found to exist by the court. A final order entered under this section may be appealed to the district court of appeal. A nonfinal order may be appealed to the extent provided by the Florida Rules of Appellate Procedure. An appeal by the department shall stay the trial court’s order until disposition of the appeal.

. Although Youngberg reviewed the situation of a person who was involuntarily committed due to mental retardation, the precepts the Court discussed are equally applicable to persons such as Mr. McKee because he is also involuntarily committed by the State.